Leslie **BIENZ,** Appellant–Plaintiff,

v.

Linda K. **BLOOM,** Individually and as Auditor of Allen County, and Board of Commissioners of the County of Allen, Jack C. McComb, Edwin J. Rousseau, and Jack R. Worthman, Appellees–Defendants.

No. 02A03–9601–CV–23.

Court of Appeals of Indiana.

Dec. 23, 1996.

Rehearing Denied Feb. 25, 1997.

Edward N. Smith, Fort Wayne, for Appellant–Plaintiff.

John O. Feighner, Fort Wayne, for Appellee–Defendant Linda K. Bloom.

G. William Fishering, Shane P. Lee, Fort Wayne, for Appellee–Defendant Board of Commissioners of the County of Allen.

## OPINION

HOFFMAN, Judge.

Appellant-plaintiff Leslie Bienz appeals from the grant of motions to dismiss in the favor of appellees-defendants Linda K. Bloom, Auditor of Allen County, and the Board of Commissioners of Allen County ("Board").

The facts relevant to the issues raised are as follows: Leslie Bienz began working in the Allen County Assessor's Office in 1975. In 1986, Linda Bloom was elected as the Allen County Auditor. In February 1988, Bloom offered Bienz a promotion to the position of Supervisor of Assessments. Bloom strongly implied that should Bienz accept the supervisory position, she would remain in the position as long as Bloom remained the Auditor of Allen County. Bienz accepted the position and worked until she was discharged from the position by Bloom on December 30, 1991.

On January 6, 1992, Bienz filed her grievance with Bloom, the Board, and the Allen County Personnel Director in accordance with the grievance procedures set forth in the Allen County Policy and Procedure Man-

ual. In her grievance, Bienz alleged that Bloom discharged her because Bienz refused to assist Bloom in discriminatory practices against an African–American employee. Bienz further requested an opportunity to be heard on the discharge decision. Hearing no response, Bienz obtained an attorney and advised Bloom and the Board, in writing, that she would initiate a suit if she did not hear from them in a timely manner concerning her grievance. Bienz never filed a notice of tort claim with Bloom or the Board.

Hearing nothing further from Bloom or the Board, on August 31, 1993, Bienz commenced an action against the appellees in the United States District Court, Northern District of Indiana. In the federal claims, Bienz brought suit under 42 U.S.C. § 1983 claiming that her termination deprived her of property and liberty interests without due process, and that the Board engaged in a conspiracy to deprive her of constitutional rights. The district court granted summary judgment in favor of the appellees on December 7, 1994, and held that "[a]ny and all claims under § 1983 are dismissed with prejudice. Any and all claims which invoke Indiana state law are dismissed without prejudice, and *may possibly* be pursued in the court of the State of Indiana." Bienz appealed the district court's decision.

While her federal appeal was pending, Bienz filed her complaint in the instant cause with the state court on January 13, 1995. The complaint set forth seven counts, alleging federal and state constitutional violations, retaliatory discharge, breach of contract, defamation, conspiracy and two counts of intentional infliction of emotional distress.

On July 13, 1995, the United States Court of Appeals for the Seventh Circuit affirmed the district court's decision. Five days later, Bienz delivered the summons for the state action to the Clerk of the Court. Both Bloom and the Board filed motions to dismiss. A hearing was held on the matter; and, thereafter, the trial court granted both motions to dismiss, pursuant to Ind. Trial Rule 12(B)(1) and (6), on the grounds that Bienz had failed to give notice to Bloom and the Board as required by the Indiana Tort Claims Act.

On appeal from the trial court's dismissal of her cause, Bienz raises two issues: whether the claims stated in her complaint fall within the purview of the Indiana Tort Claims Act; and, if so, whether Bienz substantially complied with the notice provision of the Indiana Tort Claims Act.

■ It is well settled that a complaint may not be dismissed for failure to state a claim upon which relief may be granted,[1] unless it appears to a certainty on the face of the compliant that the complaining party is not entitled to any relief. *Hanover Logansport v. Robert C. Anderson,* 512 N.E.2d 465 (Ind. Ct.App.1987). In ruling on a motion to dismiss for failure to state a claim, the lower court is required to view the complaint in a light most favorable to the non-moving party and with every intendment in his favor. *Id.* The court may only look to the complaint, and well-pleaded material must be taken as admitted. *Id.* The T.R. 12(B)(6) motion to dismiss is properly utilized to test the legal sufficiency of the complaint or, stated differently, to test the law of the claim, not the facts that support it. *Id.*

■ This Court views motions to dismiss for failure to state a claim with disfavor because such motions undermine the policy of deciding causes of action on their merits. *Hill v. Beghin,* 644 N.E.2d 893, 895 (Ind.Ct. App.1994), *trans. denied.* When reviewing a trial court's grant of a motion to dismiss, this Court views the pleadings in a light most favorable to the non-moving party, and we draw every reasonable inference in favor of that party. *Id.* We will not affirm a dismissal under T.R. 12(B)(6) unless it is apparent that the facts alleged in the challenged pleading are incapable of supporting relief under any set of circumstances. *Id.*

■ Bienz' first argument on appeal is that her claim did not fall within the purview of the Indiana Tort Claims Act ("Act"). Bienz specifically argues that her claim against Bloom and the Board sounded in contract, not in tort, and maintains that because contractual relationships are not gov-

---

1. *See* Ind.Rules of Procedure, Trial Rule 12(B)(6).

erned by the Act, she was not required to give notice to Bloom and the Board pursuant to the Act.

██ Indiana recognizes the distinction between employees who are retained for a definite duration or subject to contract, and employees whose employment is of indefinite duration and may terminate at the will of the employer for any reason. *Remington Freight Lines, Inc. v. Larkey*, 644 N.E.2d 931, 939–940 (Ind.Ct.App.1994). This distinction between a contractual and an at-will employee gains significance in the context of an employee's termination. *Id.* at 940. While an employee of definite duration may possess a cause of action for breach of contract if an employer fires him in violation of the employment agreement, no such clear solution exists for the wrongfully terminated employee-at-will. *Id.* Thus, Indiana courts have recognized a limited and strictly construed exception to the doctrine of employment at will. *Id.*

██ In *Frampton v. Central Ind. Gas Co.*, 260 Ind. 249, 297 N.E.2d 425 (1973), our supreme court stated that an employee-at-will does possess a cause of action for wrongful discharge when an employer retaliates for the exercise of a statutorily conferred right or for the employee's refusal to perform an unlawful act or to breach a statutorily imposed duty. *Id.* at 253, 297 N.E.2d at 428. Our supreme court has further determined that, unlike the wrongful discharge of a time- or contract- bound employee, the retaliatory discharge of an employee-at-will gives rise to a cause of action in tort, rather than a claim for breach of contract. *Remington*, 644 N.E.2d 931, 940 (Ind.Ct.App.1994), citing *Holtz v. Bd. of Com'rs of Elkhart County*, 560 N.E.2d 645, 646 (Ind.1990); *see also Scott v. Union Tank Car Co.*, 402 N.E.2d 992, 993 (Ind.Ct.App.1980) ("[T]he act of an employer who discharges [an employee-at-will] is one 'which is intended to cause an invasion of an interest legally protected from intentional invasion,' and is, therefore, a tortious act.").

The personnel manual adopted by Allen County defines those employees to whom grievance procedures apply as including:

only non-policy, non-confidential, non-supervisory individuals who fall within the jurisdiction of the adopting agency.

CAVEAT: Employees falling outside the above definition or working for a non-adopting official or agency are employees-at-will. . . .

As Supervisor of Assessments, Bienz' duties included supervising a staff of six to ten persons and making recommendations to Bloom on whom to hire and fire. Bienz was, therefore, an employee-at-will. Although Bienz alleges that Bloom gave oral assurances of permanent employment, the promises were insufficient to establish a contract for permanent employment because there was no consideration in addition to the services contracted to be rendered. *See Hamblen v. Danners, Inc.*, 478 N.E.2d 926, 928 (Ind.Ct.App.1985); *see also Montgomery Ward & Co. v. Guignet*, 112 Ind.App. 661, 672, 45 N.E.2d 337, 340 (1942).

Nevertheless, Bloom's retaliatory discharge of Bienz, allegedly for Bienz' failure to participate in an unlawful act, invaded Bienz' legally protected interest in keeping her job. However, because Bienz was an employee-at-will, Bloom's act gave rise to a cause of action in tort, not for breach of contract. Therefore, Bienz' only avenue of redress for retaliatory discharge must be in tort. *See Holtz*, 560 N.E.2d at 646.

██ Having determined that Bienz' action against Bloom and the Board sounds in tort, the question then arises: whether Bienz' cause of action is governed by the Act?

Section 1 of the Act is as follows: "This chapter applies only to a claim or suit in tort." IND.CODE § 34–4–16.5–1 (1988 Ed.). The pertinent language of Section 7 of the Act states:

(a) Except as provided in [IND.CODE § 34–4–16.5–8, dealing with incompetent claimants] of this chapter, a claim against a political subdivision is barred unless notice is filed with:

(1) the governing body of that political subdivision; and

(2) the Indiana political subdivision risk management commission created under [IND.CODE § 27–1–29];

within one hundred eighty (180) days after the loss occurs.

IND.CODE § 34–4–16.5–7 (1988 Ed.).

In *Holtz,* a case strikingly similar to the instant case, the plaintiff filed a complaint for retaliatory discharge against the Board of Commissioners but failed to file a notice of tort claim with the Board. In granting summary judgment in favor of the Board, the trial court concluded that mandatory discharge was a claim sounding in tort rather than contract, and, therefore, Holtz' claim was barred for failure to provide notice as required by the Act. This Court reversed the trial court's decision. Our supreme court, however, accepted transfer and, in affirming the trial court's decision, stated that:

> In the case at bar, appellant sets forth as the 'wrongful actions of the defendant' their unwarranted retaliatory discharge, by reason of which he lost wages and fringe benefits. When one considers the allegation in Holtz' complaint together with the definition of the terms 'property' and 'tort' [as the terms are found in the Act], we come to the inescapable conclusion that if persons situated similarly to Holtz are to have a remedy, it cannot be in contract, by reason of their at-will employment, but must sound in tort. We cannot interpret the Tort Claims Act as applying only to some torts.
>
> . . . We hold that Holtz' allegations bring him squarely within the Tort Claims Act; thus his failure to file within 180 days notice to the Board of Commissioners of Elkhart County requires that the Board's motion for summary judgment be sustained.

*Holtz,* 560 N.E.2d at 647–648.

Likewise, here, Bienz filed a complaint alleging, *inter alia,* retaliatory discharge for her failure to perform an unlawful act. Bienz was an at-will employee. An employee who is subjected to retaliatory discharge has a tort action against her employer. Our supreme court has held that the Act applies to all torts. Like Holtz, Bienz' allegations bring her squarely within the Act, and she was required to provide Bloom and the Board with notice of her tort claim.

■ Bienz further argues that the Act only applies to torts sounding in negligence. Therefore, according to Bienz, the Act does not apply to her claims for defamation and intentional infliction of emotional distress. However, as was stated above, our supreme court has held that the Act applies to all torts, which would include defamation and the intentional infliction of emotional distress. Therefore, these claims by Bienz also fall within the purview of the notice requirements of the Act.

■ Bienz also contends that the Act does not apply to constitutional violations actionable under § 1983. In support of her contention, Bienz cites *Kellogg v. City of Gary,* 562 N.E.2d 685, 689 (Ind.1990) where our supreme court adopted the holding of *Felder v. Casey,* 487 U.S. 131, 108 S.Ct. 2302, 101 L.Ed.2d 123 (1988), which held that notice-of-claim statutes are inapplicable to federal § 1983 actions. Bloom and the Board concede that civil rights actions under 42 U.S.C. § 1983 are not subject to the Act, but counter that Bienz' constitutional claims are barred by the doctrine of res judicata.

Bienz argues that because she has stated claims under Article 1, §§ 1, 9, and 23 of the Indiana Constitution (Natural Rights, Free Speech, and Privileges Equal respectively), claims that were not addressed by the federal court, her subsequent claims are not barred by res judicata. Bienz specifically avers that because her retaliatory discharge was in violation of public policy, her claim must be decided by a jury.

■ The doctrine of res judicata bars a later suit when an earlier suit resulted in a final judgment on the merits, was based on proper jurisdiction, and involved the same cause of action and the same parties or privies as the later suit. *Tom v. Voida,* 654 N.E.2d 776, 781 (Ind.Ct.App.1995), *trans. denied.* Here, because Bienz' claims to the federal courts are not the same claims as underlying the present appeal, res judicata does not apply here. See *id.*

■ The doctrine of collateral estoppel, a concept related to res judicata, bars relitigation of a fact or issue where that fact or issue was necessarily adjudicated in an

earlier suit and that fact or issue is presented in the subsequent lawsuit. *Id.* In such a situation, the first adjudication is conclusive on those facts or issues even though the subsequent action is on a different claim. *Id.* at 782. Under modern rules governing the application of collateral estoppel, the prime consideration is whether the party against whom the prior judgment is pled had a full and fair opportunity to litigate the issue and whether it would be otherwise unfair under the circumstances to permit the use of collateral estoppel. *Id.*

In her complaint, Bienz claims, *inter alia,* a property interest in her former job as Supervisor of Assessments and alleges that her property right was taken from her without due process of law. Bienz also claims that the retaliatory discharge was not only a violation of established public policy but also a violation of her liberty rights as granted by the Fourteenth Amendment.

In granting summary judgment against Bienz, the district court found that the Allen County personnel manual established Bienz as an employee-at-will; that the manual did not create a property interest for Bienz; that Bienz had no property interest in her continued employment as Supervisor of Assessments; that when Bienz was discharged, she was not publicly charged with any dishonesty or immorality that would prevent her from obtaining future employment; and that Bienz was not deprived of a liberty interest in pursuing future employment. The Seventh Circuit Court affirmed the district court's decision.

■ The federal claims Bienz raised concerning constitutional violations are identical to the constitutional violations raised in the present action. Bienz was given a full and fair opportunity to litigate her constitutional claims in the federal proceedings. The judgment of the Seventh Circuit affirming the district court's grant of summary judgment in favor of Bloom and the Board was a final judgment on the merits against Bienz. Bienz' constitutional claims were decided in the federal action. She is collaterally estopped from relitigating these matters in the state court.

■ Bienz further argues that her claim does not fall within the Act because she brought her cause of action against Bloom in her individual capacity. According to Bienz, "claims against municipal officials in their individual, rather than official, capacities are not covered by the [Act]."

■ The notice requirement of the Act, however, applies not only to political subdivisions but also to employees of political subdivisions. *VanValkenburg v. Warner,* 602 N.E.2d 1046, 1048 (Ind.Ct.App.1992), *trans. denied.* This rule was established by our supreme court in *Poole v. Clase,* 476 N.E.2d 828 (Ind.1985) where the court reasoned that a suit against a public employee places the same burden on the governmental entity. "Thus, whether a plaintiff elects to sue only the entity, only the employee, or both the entity and the employee, there is no difference to the employing entity since it still must provide the defense." *Id.* at 831.

■ Nevertheless, implicit in the supreme court's ruling is the notion that governmental employment, standing alone, does not trigger the notice provision of the Act. *VanValkenburg,* 602 N.E.2d at 1049. Where the plaintiff elects to sue the governmental employee in her individual capacity, notice is required only if the act or omission causing the plaintiff's loss is within the scope of the defendant's employment. *Id.*

Here, when Bloom discharged Bienz, allegedly for Bienz' refusal to assist in an unlawful act, Bloom did so within the scope of her employment as Auditor of Allen County. Because there is clearly a causal connection between the injuries sustained by Bienz and Bloom's employment by a political subdivision, Bienz was required to give notice to Bloom as required by the Act.

■ Bienz next asserts that even if her claim is governed by the Act, dismissal of her claim by the trial court was inappropriate because she substantially complied with the notice provision of the Act. According to Bienz, the filing of her grievance with the Board, as well as her subsequent federal action, gave ample notice of her claim to Bloom and the Board.

The tort claims statute provides that a suit against a municipality is barred unless notice of a claim is given to the governing body within 180 days of the loss. IND.CODE § 34–4–16.5–7 (1988 Ed.). It further provides that the notice must contain a number of details concerning the loss, including: the names of those involved, the extent of the loss, the time and place of the loss, the circumstances that brought about the loss, the amount of damages sought, and the residence of the person making the claim. IND.CODE § 34–4–16.5–9 (1988 Ed.). It has been clearly established that substantial compliance with such notice requirements is sufficient where the purpose of the notice requirement is satisfied. *Burggrabe v. Board of Public Works,* 469 N.E.2d 1233, 1235 (Ind.Ct.App.1984), *trans. denied.* The purpose of the notice statute is to inform the officials of the political subdivision with reasonable certainty of the accident and surrounding circumstances so that the political subdivision may investigate, determine its possible liability, and prepare a defense to the claim. *Id.* at 1235–36.

Bienz' grievance, which was filed approximately one week after her termination, stated the following:

> Comes now Leslie Bienz, Respondent, and submits her request for a grievance hearing, arising out of her dispute with actions taken against her by County Auditor, Linda Bloom on December 30, 1991. Respondent was told that she was terminated. No cause was given, except that Respondent was alleged to be an employee at will. Respondent did not receive a due process hearing.

> Respondent denies that she is an 'employee at will' as alleged by Linda Bloom.

> WHEREFORE, Respondent requests that she be granted a hearing through the Allen County grievance procedure, and for all other proper relief indicated.

Although Bienz' grievance identified her as the claimant, identified the time and nature of her loss, and requested that she be afforded a grievance hearing, Bienz' grievance failed to inform the Board that Bienz intended to assert a tort claim.

In order to constitute substantial compliance, the notice must not only inform the political subdivision of the facts and circumstances of the alleged injury but must also advise of the injured party's intent to assert a tort claim. *See Collier v. Prater,* 544 N.E.2d 497, 499 (Ind.1989). The grievance filed by Bienz failed to inform Bloom and the Board of her intent to assert a tort claim. The grievance did not comply with the provisions of the Act.

Likewise, Bienz' § 1983 federal action did not inform Bloom and the Board of her intent to assert a tort claim in state court. As was stated above, the notice requirement of the Act does not apply to claims based upon civil rights. By commencing a civil rights action against Bloom and the Board, Bienz informed the appellees of her intent to assert a "non" tort claim action. Bienz' civil rights action was nothing more than a notice she intended to bring a § 1983 action against Bloom and the Board. The federal action did not amount to substantial compliance with the Act.

Affirmed.

KIRSCH and STATON, JJ., concur.