51 F.Supp.2d 936 (1999)
The WASTE, INC. COST RECOVERY GROUP et al., Plaintiffs,
v.
ALLIS CHALMERS CORP. et al., Defendants.
The Waste, Inc. Cost Recovery Group et al., Plaintiffs,
v.
Allis Chalmers Corp. et al., Defendants.
Nos. 3:98 CV 0341 AS, 3:98 CV 0342 AS.
United States District Court, N.D. Indiana, South Bend Division.
April 9, 1999.
*937 Phillip R. Scaletta, III, Ice Miller Donadio and Ryan, Indianapolis, IN, John R. Jacus, Dean C. Miller, Davis Graham and Stubbs, Denver, CO, Maureen Grimmer, Eichhorn & Eichhorn, Hammond, IN, for The Waste Inc. Cost Recovery Group, Weil-McLain, Gardner Denver Inc., Ingersoll-Rand Company, Acrometal Products Inc., Dwyer Instruments Inc., Sears Roebuck & Co., Kaiser Aluminum and Chemical Corp, Northern Indiana Public Service Company USX Corporation.
Pierce Cunningham, Jonathan A Conte, Thomas H Stewart, The Law Office of Pierce E. Cunningham, Cincinnati, OH, for American Premier Underwriters Inc.
Craig V. Braje, Michigan City, IN, David P. Jones, Newby Lewis Kaminski and Jones, LaPorte, IN, Kurt R Earnst, Braje & Nelson, Michigan City, IN, for B & E Marine Inc., Erincraft Manufacturing Company, Holiday Inn, Holiday Inn-Marhaba Restaurant, Indiana Industrial Plating Inc., Lakeshore Foods Corporation, McDonald's Corporation, Meyer Glass & Mirror Co Inc., R & K Investment Corporation, Swartzlander Motors Inc.
Frank J. Deveau, Lawrence A. Vanore, Sr., Sommer and Barnard, Indianapolis, IN, for Burker King.
Jeffrey B. Katz, Michigan City, IN, for Carson Pirie Scott & Company, Economy Autos Ltd., Georg Boats and Motors, Gourmet Associates, Greenes Standard, Hastings Shell Auto Care, Haviland-Callan, Hirsch Ford-Lincoln Mercury Inc., Jim Agemy, Leslie's Roofing and Insulation Service fka Leslie Roofing Svc., Lindos Restaurant, M & M Restaurant, McGill's Auto Salon, McGill's Auto Salon, Michigan City Yacht Club, Milton Dabagia, Milt Dabagia Olds Buick GMC Inc., Music Standard Station, Normandy Village Apartments, Pioneer Lumber Inc., Pottawattomie Country Club, Southwind Associates, Swiss Controls Inc., Weber Sign Service Inc., Woodview Manor, Michigan City Port Authority, 3:98cv342AS.
William J. Pinamont, Consolidated Rail Corporation, Philadelphia, PA, for Consolidated Rail Corporation.
Barry L. Malter, Milissa A. Murray, Swidler and Berlin, Washington, DC, for Cytec Industries Inc.
David P. Friedrich, Wilkinson Goeller Modesitt Wilkinson and Drummy, Terre Haute, IN, for 84 Lumber Company.
Paul J. Peralta, Baker and Daniels, South Bend, IN, Robert F. Parker, Beckman Kelly and Smith, Hammond, IN, for Filter Specialists, Tonn & Blank.
Alan P. Bielawski, Susan V. Harris, Sidley and Austin, Chicago, IL, for First Capital Income Properties Ltd.
James T. Harrington, Darren J Hunter, Ross and Hardies, Chicago, IL, for Frank Frick, Jerry Ganz.
Steve W. Handlon, Handlon and Handlon, Portage, IN, for Harbor Chevrolet.
Stephen W. Earp, Smith Helms Mulliss and Moore, Greensboro, NC, for Hardees Food Systems.
Stanley J. Adelman, Timothy Ramsey, Rudnick and Wolfe, Chicago, IL, for Howard M Landau, Herbert H Heyman.
J. Michael Smith, Miller Johnson Snell and Cummisky, Grand Rapids, MI, for Independent Steel Castings Co. Inc.
Peter T. Stinson, Pittsburgh, PA, for ITT Industries Inc.
Todd R. Wiener, Colleen E Baime, McDermott Will and Emery, Chicago, IL, for Jaymar-Ruby, Inc.
John C. Hamilton, Doran Blackmond Ready Hamilton and Williams, South Bend, IN, for Jewel Food Stores Inc.
Donn H. Wray, Philip R. Thompson, Stewart and Irwin, Indianapolis, IN, for Land Reclamation Corp., Waste Inc.
*938 Martin W. Kus, David P. Jones, Newby Lewis Kaminski and Jones, LaPorte, IN, for N & H Realty Trust.
Michael H. Wetmore, Jerry K. Ronecker, Husch and Eppenberger, St Louis, MO, for National Tea Co.
Steven A. Hale, Michigan City, IN, for Sisters of St Francis Health Services Inc.
Fred M. Cuppy, Paula E. Neff, Kathryn D. Schmidt, Burke Murphy Costanza and Cuppy, Merrillville, IN, for Superior Construction.
David R. Kibbe, Jeanine M. Gozdecki, Roemer and Mintz, South Bend, IN, Andrew R. Greene, Jeffrey T. Kraus, Altheimer and Gray, Chicago, IL, for The Great Atlantic and Pacific Tea Co.
WC Blanton, Oppenheimer Wolf and Donnelly, Minneapolis, MN, for The Toro Company.
Louis A. Desenberg, Buchanan, MI, for Village of Michiana, Michigan.
Louis M Rundio, Jr, McDermott Will and Emery, Chicago, IL, for Vitamins Inc, defendant.
Audrey Lozuk-Lawless, Thomas A. Volz, Seyfarth Shaw Fairweather & Geraldson, Chicago, IL, Lisa S Zebovitz, Peter J Kelly, Waste Management, Oak Brook, IL, for Waste Management Inc.
John R. Cromer, R. Davy Eaglesfield, III, Harrison and Moberly, Indianapolis, IN, for Allied-Signal, Inc., 3:98cv342AS.
Angela Toscas Wilt, Kirkland and Ellis, Chicago, IL, for DAP Inc, 3:98cv342AS.
Maureen Martin, The Martin Law Firm, Chicago, IL, for Fiberbond Corporation, 3:98cv342AS.
Renee J. Mortimer, Hinshaw and Culbertson, Munster, IN, Charles F Helsten, Hinshaw and Culbertson, Rockford, IL, for J.C. Penney Co., 3:98cv342AS.
Robert F. Parker, Beckman Kelly and Smith, Hammond, IN, Thomas A Barnard, Johnson Smith Pence Densborn Wright and Health, Indianapolis, IN, Louis Zednik, Kmart Corporation, Troy, MI, for K-Mart Corporation, 3:98cv342AS.
James A. Vroman, Christine A. Picker, Michael D. Chambers, Jenner and Block, Chicago, IL, for Pullman-Standard, 3:98cv342AS, Tenneco Automotive Inc, 3:98cv342AS.
Raymond J. Kelly, Jr., James L. Curtis, Philip L. Comella, Seyfarth Shaw Fair-weather and Geraldson, Chicago, IL, for Shering-Plough Health Care Products Inc, 3:98cv342AS.
Timothy W. Woods, Jones Obenchain Ford Pankow, Lewis & Woods, South Bend, IN, Lisa G. Esayian, Angela Toscas Wilt, Kirkland and Ellis, Chicago, IL, for USG Corporation, 3:98cv342AS, Wassall USA Acquisition Inc., 3:98cv342AS.

MEMORANDUM AND ORDER
ALLEN SHARP, District Judge.
This cause is before the Court on Defendant Jewel Food Stores, Inc.'s Fed. R.Civ.P. 12(b)(6) Motion to Dismiss the Plaintiffs' Second Claim for Relief. The Court has considered all relevant materials submitted by the parties and now rules as follows.

JURISDICTION
This cause of action arises under the Solid Waste Disposal Act, § 7003, as amended, 42 U.S.C.A. § 6973, the Resource Conservation and Recovery (RCRA) and federal common law on contribution under RCRA. Jurisdiction is proper pursuant to 28 U.S.C. § 1331.

FACTS
The Plaintiffs in this action are defendants in an ongoing proceeding to clean up a former commercial, industrial and municipal waste disposal facility in Michigan City. (Pls.' Compl. at 4). The facility was improperly closed after it ceased to do business in 1982. The Environmental Protection Agency (EPA) evaluated the site in 1984 and placed it on the National Priorities List of Superfund Sites (Superfund) *939 based on its authority under the Comprehensive Environmental Response, Compensation and Recovery Act (CERCLA). (Id. at 7). The EPA issued CERCLA information request letters to parties which it considered potentially liable for cleaning up the site. A group of the potentially responsible parties formed the Waste Inc. Steering Committee to work with the EPA in studying the site, selecting the best method of remediation and implementing it. (Id. at 8).
In December 1995, the EPA issued a unilateral administrative order (UAO) to the Corporate Plaintiffs and twenty-four other potentially responsible parties requiring them to design, install, operate and maintain the remedy specified for the site in the EPA's Record of Decision (ROD), dated August 18, 1994. In response, the group formed the plaintiff association Waste, Inc. Remedial Design/Remedial Action Group (Waste Inc.) to coordinate response actions. By July, 1998, when Waste Inc. initiated this action for contribution from parties who for various reasons had not joined the clean-up efforts, Plaintiffs had finished installing the EPA's mandated remedy for the site. They must continue to monitor the site for thirty years. (Id. at 9-10).
Plaintiffs now seek contribution under both CERCLA and RCRA for response costs, as well as an injunction making defendants liable for future costs associated with monitoring the site cleaning up any future releases. This opinion addresses only their claim for relief under RCRA.

STANDARD OF REVIEW FOR MOTION TO DISMISS
It is well settled that a complaint may not be dismissed for failure to state a claim upon which relief may be granted, unless it appears to a certainty on the face of the compliant that the complaining party is not entitled to any relief. See Fed.R.Civ.P. 12(b)(6); Ind. Rules of Procedure, Trial Rule 12(b)(6); Bienz v. Bloom, 674 N.E.2d 998 (Ind.Ct.App.1996), reh'g denied; Hanover Logansport, Inc. v. Robert C. Anderson, Inc., 512 N.E.2d 465 (Ind.Ct. App.1987). A Rule 12(b)(6) motion to dismiss is properly utilized to test the legal sufficiency of the complaint or, stated differently, to test the law of the claim, not the facts that support it. Borgman v. Aikens, 681 N.E.2d 213, 216 (Ind.Ct.App. 1997); Gray v. Westinghouse Elec. Corp., 624 N.E.2d 49 (Ind.Ct.App.1993), trans. denied.
Courts view motions to dismiss for failure to state a claim with disfavor because such motions undermine the policy of deciding causes of action on their merits. Action Repair, Inc. v. American Broadcasting Companies, Inc., 776 F.2d 143 (7th Cir.1985); Bienz, 674 N.E.2d at 1001; Hill v. Beghin, 644 N.E.2d 893, (Ind.Ct.App. 1994), trans. denied. Therefore, for purposes of a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), all well-pleaded allegations are presumed to be true. Whirlpool Financial Corp. v. GN Holdings, Inc., 67 F.3d 605 (7th Cir. 1995); McTigue v. City of Chicago, 60 F.3d 381 (7th Cir.1995); Richmond v. Nationwide Cassel L.P., 52 F.3d 640 (7th Cir.1995). Furthermore, a court must view those allegations in the light most favorable to the plaintiff, Richmond 52 F.3d at 644; Gould v. Artisoft, Inc., 1 F.3d 544 (7th Cir.1993), and accept as true all reasonable inferences to be drawn from those allegations. Whirlpool Financial Corp., 67 F.3d at 608; McTigue, 60 F.3d at 382. Dismissal of a complaint for failure to state a claim is granted only when "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Richmond, 52 F.3d at 644 (quoting, Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)); Chaney v. Suburban Bus Div. of the Reg'l Transp. Auth., 52 F.3d 623, (7th Cir.1995); Lockhart v. United States, 961 F.Supp. 1260 (N.D.Ind.1997) aff'd, 129 F.3d 1267 (7th Cir.1997).

*940 DISCUSSION

RCRA is a comprehensive environmental statute that governs the treatment, storage, and disposal of both solid and hazardous wastes. Meghrig v. KFC Western, Inc., 516 U.S. 479, 483, 116 S.Ct. 1251, 134 L.Ed.2d 121 (1996). Its primary purpose was to reduce the generation of hazardous waste and to ensure the safe handling and disposal of all waste so as "to minimize the present and future threat to human health and the environment." Id. (citing 42 U.S.C. § 6902(b) (1988 ed.)). Several years after the passage of RCRA, Congress passed CERCLA to address problems posed by inactive sites, giving the EPA authority to clean up environmental hazards and impose the costs on the responsible parties. Id. The Supreme Court discussed the differences in the purpose of RCRA and CERCLA in Meghrig and concluded that Congress did not intend RCRA's citizen suit provision to provide private plaintiffs with a remedy for past cleanup costs. Id. at 483-84, 116 S.Ct. 1251.
The Plaintiffs in this case attempt to get around the Supreme Court's holding in Meghrig by stating that they are not bringing a RCRA citizen suit under 42 U.S.C. § 6972. (Pls.' Resp. in Opp'n. at 5). In fact, Plaintiffs were barred from bringing a citizen suit by § 6792(b)(2)(B) and (C) which state that no citizen suit can proceed if either the EPA or the State has commenced, and is diligently prosecuting, a separate enforcement action. Meghrig, 516 U.S. at 486, 116 S.Ct. 1251. Instead, the Plaintiffs base their RCRA claim on the following provision:
[U]pon receipt of evidence that the past or present handling, storage, treatment, transportation or disposal of any solid waste or hazardous waste may present an imminent and substantial endangerment to health or the environment, the Administrator may bring suit on behalf of the United States in the appropriate district court against any person (including any past or present generator, past or present transporter, or past or present owner or operator of a treatment, storage, or disposal facility) who has contributed or who is contributing to such handling, storage, treatment, transportation or disposal to restrain such person from such handling, storage, treatment, transportation, or disposal, to order such person to take such other action as may be necessary, or both. (Emphasis supplied).
42 U.S.C. § 6973
The Plaintiffs allege that when the EPA initially got involved in cleaning up the site, they could have proceeded under either CERCLA, 42 U.S.C. § 9606, or under RCRA's "imminent and substantial endangerment" provision, § 6973. (Pls.' Res. at 12). However, the EPA chose to proceed using its authority under CERCLA, and the entire clean-up has been conducted according to the procedures outlined in CERCLA. Nevertheless, the Plaintiffs claim that they are entitled to contribution under RCRA because the EPA could have invoked RCRA initially to clean up the site, and might still use RCRA as a basis for its final consent decree on long-term operation and management of the site. The Plaintiffs ask this Court to adopt a broad application of RCRA § 6973 because it allows them to seek contribution from the generators of both "solid waste" and "hazardous waste." In contrast, a suit under CERCLA requires Plaintiffs to prove that Defendants disposed of a hazardous waste, and that hazardous wastes similar to those disposed of by the Defendants were found at the site. CERCLA § 9606(a)(3). As the Plaintiffs admit in their Response,
This is significant because there are a number of defendants, including Movants, who acknowledge they sent solid waste to the Landfill, a basis for liability under RCRA § 7003, [§ 6973] but deny they sent wastes containing CERCLA hazardous substances. If their denials prove to be accurate, or if Plaintiffs are otherwise unable to prove by a preponderance *941 the presence of CERCLA hazardous substances in such Defendants' solid wastes, the, will escape liability ...
(Pls.' Resp. at 12).
This is a case of first impression, since to date no plaintiff has alleged a right of contribution under RCRA § 6973 for response costs incurred complying with an EPA order issued under CERCLA. However, the District Court for the Central District of Illinois considered a similar cause of action in which the plaintiff attempted to recover using CERCLA's contribution provision for response costs incurred in a state-mandated cleanup under state law. Estes v. Scotsman Group, Inc., 16 F.Supp.2d 983 (C.D.Ill.1998). The court denied the plaintiff's request for contribution based on CERCLA § 113(f) because no prior court action had established the plaintiff's liability under that statute. Id. The court held that the language of CERCLA's contribution provision required that a § 106 or § 107(a) action be either ongoing or completed before an action for contribution can be commenced. Id. at 989, (citing Rumpke of Indiana v. Cummins Engine Co., Inc., 107 F.3d 1235 (1997), in which the Seventh Circuit acknowledged that this seems to provide a disincentive for parties voluntarily to undertake cleanup operations, but that it nevertheless appears to be what the statute requires).
The plaintiff in Estes purchased contaminated land which he cleaned up under a Consent Order from the Illinois Environmental Protection Agency. Estes, 16 F.Supp.2d at 986. The court held that this action by the state was not sufficient to make the plaintiff eligible for contribution under CERCLA. Id. Similarly, the Plaintiffs in the present case allege that they are eligible for contribution under one statute for response costs incurred complying with an order issued under a different statute. As in Estes, their argument fails because they have incurred no liability under RCRA, so they have no basis for seeking contribution.
RCRA was designed to enable the EPA to stop ongoing disposal of hazardous wastes at unsafe sites by creating a rigorous plan for monitoring hazardous substances "from the cradle to the grave." See United States v. Bethlehem Steel, 38 F.3d 862, 864 (7th Cir.1994). Unlike CERCLA, RCRA is not principally designed to effectuate the cleanup of toxic waste sites or to compensate those who have attended to the remediation of environmental hazards. Meghrig, 516 U.S. at 483, 116 S.Ct. 1251. Congress later added provisions allowing the EPA using § 6973, or citizens using § 6972, to sue for injunctive relief requiring responsible parties to clean up sites that pose "an imminent and substantial endangerment to health or the environment." Neither section contains an express provision for contribution. However, because courts have imposed joint and several liability for defendants found to be responsible for abating the danger under these provisions, they have allowed defendants that incur expenses beyond their reasonable share to sue other potentially responsible parties for contribution. See United States v. Valentine, 856 F.Supp. 627, 634 (D.Wyo.1994); see also Colorado v. ASARCO, Inc., 608 F.Supp. 1484, 1491 (D.Colo.1985).
On the other hand, both the Supreme Court and the Seventh Circuit Court of Appeals have addressed the issue of whether § 6972, the citizen suit provision, provides a basis for plaintiffs to recover for past cleanup costs, and have determined that it does not. Meghrig, 516 U.S. 479 at 487, 116 S.Ct. 1251; Avondale Federal Savings Bank v. Amoco Oil Co., 170 F.3d 692 (7th Cir.1999). In Meghrig, the Supreme Court held that while RCRA does not prevent a private party from recovering its cleanup costs under other federal or state laws, the limited remedies described in § 6972(a), along with the stark differences between the language of that section and the cost recovery provisions of CERCLA, amply demonstrate that Congress did not intend for a private *942 citizen to be able to undertake a clean up and then proceed to recover its costs under RCRA. Id. Additionally, the Court noted that once a site is cleaned up, the danger to health or the environment is no longer "imminent and substantial" as required by both § 6972 and § 6973, so those provisions no longer apply. Id. at 486, 116 S.Ct. 1251.
In Avondale, the Seventh Circuit considered the same issue as in Meghrig, but where the innocent land purchaser filed a citizen suit under RCRA against the former land owner for contaminating the property before initiating a cleanup, as required by the statute. Id. Unwilling to wait for the RCRA process to run its course, however, the plaintiff proceeded to clean up the site, then changed its suit from a request for an injunction to a claim for restitution to recover the value of the benefit it conferred on the responsible party. Id. The court held that, no matter how the plaintiff categorized its claim, what it wanted was to get back from the defendant the money spent to clean up contamination allegedly caused by the defendant. Id. The court then stated, "While this certainly seems fair, it is simply not allowed under RCRA. Avondale may still get money from Amoco  but not in this court and not under RCRA. Avondale has a number of state law recovery theories available to it and, in the end, justice can be done." Id.
Waste Inc. does not allege that it is bringing a citizen suit for injunctive relief, nor does it claim to be able to bring a suit under § 6973, since that authority is expressly granted to the EPA. Its sole cause of action under RCRA is one for contribution based on the theory that the EPA could have pursued cleaning up the Michigan City site under RCRA § 6973, and that it might still enter a final order for monitoring the site under that provision. This is too nebulous a connection for this court to make defendants liable under RCRA for response costs incurred under CERCLA. A necessary prerequisite for contribution under RCRA § 6973 is liability under that statute, either in the form of a settlement or a judgment. Because the EPA chose to pursue cleanup of the Michigan City site under CERCLA, the appropriate remedy for the Plaintiffs is a contribution action under CERCLA § 113(f). Since Waste Inc. has not alleged liability under RCRA § 6973, and because in fact the EPA did not bring an action against Waste Inc. under that provision, the Plaintiff has failed to state a claim upon which relief can be granted.

CONCLUSION
For the preceding reasons, Defendant Jewel Food Stores, Inc.'s 12(b)(6) Motion to Dismiss the Plaintiffs' Second Claim for Relief is hereby GRANTED.
IT IS SO ORDERED.