Edwin D. **RICKETTS, Appellant–Plaintiff,**

v.

**STATE of Indiana, Appellee–Defendant.**

**No. 72A05–9910–CV–466.**

Court of Appeals of Indiana.

Dec. 22, 1999.

Joseph Leon Payne, Joseph L. Payne, P.C., Austin, Indiana, Attorney for Appellant.

Jeffrey A. Modisett, Attorney General of Indiana, Michael McLaughlin, Deputy Attorney General, Indianapolis, Indiana, Attorneys for Appellee.

## OPINION

DARDEN, Judge

### STATEMENT OF THE CASE

Edwin Ricketts appeals the trial court's grant of summary judgment in favor of the State of Indiana.

We affirm.

### ISSUE [1]

Whether the letter that Ricketts hand-delivered to the Bureau of Motor Vehicles on August 17, 1995, substantially complied with the notice requirements of the Indiana Tort Claims Act.

### FACTS

On February 15, 1994, Ricketts received a citation for speeding in Coward, South Carolina. On March 3, 1994, the citation was amended to a lesser violation of careless operation of a vehicle, a non-moving, no-point violation. On January 23, 1995, the Indiana Bureau of Motor Vehicles ("BMV") informed Ricketts that his driving record included a February 15, 1994, reckless driving conviction in South Carolina. On August 17, 1995, Ricketts hand-delivered a letter to the BMV wherein he explained, among other things, that the citation that he received in South Carolina was a non-moving violation, not a reckless driving conviction. He asked that a BMV official contact him to discuss his letter.

The BMV apparently did not respond to Ricketts' letter, and on March 28, 1996, Ricketts filed suit against the State of Indiana wherein he alleged that "as a result of the acts of the Bureau of Motor Vehicles, and the State of Indiana, by its employees and agents, [he] suffered and is still suffering loss of peace of mind and injury to his reputation and standing in the

---

1. Because this issue is dispositive, we need not address Ricketts' additional arguments.

community, personal humiliation, and mental anguish and suffering as a result of the defamation and false statement." (R. 10). The State responded that Ricketts had failed to comply with the notice provisions of the Indiana Tort Claims Act ("the Act").

Both parties moved for summary judgment. The trial court denied the State's motion and granted Ricketts', finding that Ricketts "substantially complied with the notice provisions of the tort claim statutes." (R. 59). Thereafter, the State filed a motion to reconsider asking the court to reconsider its prior ruling and grant the State's summary judgment motion. In support of its request, the State directed the trial court to *Bienz v. Bloom,* 674 N.E.2d 998 (Ind.Ct.App.1996), a recently decided case which "set[ ] out more fully the requirements of substantial compliance." (R. 99.) The trial court subsequently granted the State's motion to reconsider and issued a new order granting the State's summary judgment motion. It is from this order that Ricketts appeals.

### DECISION

■ The purpose of summary judgment is to end litigation about which no factual dispute exists and which may be determined as a matter of law. *Luider v. Skaggs,* 693 N.E.2d 593, 595 (Ind.Ct.App. 1998), *trans. denied.* When reviewing a motion for summary judgment, we apply the same standard as the trial court. *Ebbinghouse v. FirstFleet, Inc.,* 693 N.E.2d 644, 646 (Ind.Ct.App.1998), *trans. denied.* Summary judgment is appropriate if the designated evidentiary matter shows that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Ind. Trial Rule 56(C). Whether a party has complied with the Act is a legal determination to be made by the court. *Lake County Juvenile Court v. Swanson,* 671 N.E.2d 429, 437 (Ind.Ct.App.1996), *trans. denied.*

Ricketts contends that the trial court erred in granting the State's summary judgment motion because the letter which he hand-delivered to the BMV on August 17, 1995, substantially complied with the notice requirements of the Act. We disagree.

■ The Act provides that a suit against the State is barred unless notice of the claim is given to the attorney general or the involved state agency within 270 days of the loss. Ind.Code § 34–13–3–6. The Act further provides that the notice must contain a number of details concerning the loss, including: the circumstances which brought about the loss, the extent of the loss, the time and place the loss occurred, the names of all persons involved, the amount of the damages sought, and the residence of the person making the claim at the time of the loss and at the time of filing the notice. Ind.Code § 34–13–3–10.

■ Substantial compliance with such notice requirements is sufficient where the purpose of the notice requirement is satisfied. *Bienz v. Bloom,* 674 N.E.2d 998, 1005 (Ind.Ct.App.1996), *reh'g denied, trans. denied.* The purpose of the notice requirement is to inform state officials with reasonable certainty of the accident or incident and surrounding circumstances so that the state may investigate, determine its possible liability, and prepare a defense to the claim. *Id.* In order to constitute substantial compliance, the notice must not only inform the State of the facts and circumstances of the alleged injury but *must also advise of the injured party's intent to assert a tort claim. Id.* (Emphasis added).

Here, the letter which Ricketts claims constitutes substantial compliance with the notice requirements of the Act provides in pertinent part as follows:

May Contact at 812–752–4924 or 812–752–7856

Attention to Whom it May Concern:

In regards to a non[-]moving violation that I received in Coward S.C. on 3/9/94, the State of Indiana has sited (sic) me 8

points for this, this has cause (sic) *server* (sic) hardship on me and my family, since my employer, let me go over this 8 points.  I am unable to find other employment with this condition since Aug of 1994.  I'm sending a backup letter from Judge Sandra Grimsley to confirm this was a non[-]moving violation.  I would sincerely appreciate a phone call as soon as possible, an opportunity to discuss this letter.

Sincerely,

Ed Ricketts

(R. 53)(Emphasis in the original).

Although Ricketts' letter identified him as the claimant, identified circumstances which brought about the loss and requested an opportunity to discuss the letter with a BMV official, the letter failed to inform the BMV that Ricketts intended to assert a tort claim.  Therefore, the letter did not substantially comply with the Act, *see Bienz,* and the trial court did not err in granting summary judgment in favor of the State.

Affirmed.

GARRARD, J., and FRIEDLANDER, J., concur.