## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Apr 15 2016, 8:18 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

APPELLANT PRO SE

A.C. James, Jr.
Michigan City, Indiana

ATTORNEY FOR APPELLEE

J. Spencer Feighner
Haller & Colvin, P.C.
Fort Wayne, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

A.C. James Jr.,

*Appellant-Plaintiff,*

v.

Allen County Sheriff's
Department et al.,

*Appellees-Defendants.*

April 15, 2016

Court of Appeals Case No.
02A03-1509-CT-1365

Appeal from the Allen Superior
Court

The Honorable David J. Avery,
Judge

Trial Court Cause No.
02D09-1412-CT-544

**Bradford, Judge.**

## Case Summary

[1]     Appellant-Plaintiff A.C. James Jr. filed a complaint against Appellees-Defendants the Allen County Sheriff's Department, the Allen County Jail,

former Allen County Sheriff Kenneth C. Fries, and Sandra Shady. James's complaint alleged that while he was incarcerated in the Allen County Jail, the Sherriff failed to timely transfer his inmate account funds to his attorney, preventing James from paying a security interest on his truck. Defendants filed a motion for summary judgment, arguing that James failed to comply with the notice provision of the Indiana Tort Claims Act ("ITCA"). The trial court granted Defendants' motion for summary judgment. On appeal, James argues that the trial court erred in finding that he failed to comply with the notice provisions of the ITCA. Concluding otherwise, we affirm.

# Facts and Procedural History

[2] On April 25, 2012, James pawned his truck at Premier Auto Pawn for $3000 and was required to pay $3457.50 to Premier by July 25, 2012 or the truck would be sold. James was arrested on June 13, 2012 and was held at the Allen County Jail until March 15, 2013. James failed to repay the lender by July 25, 2012. On August 2, 2012, James submitted an inmate request form requesting the release of the total sum of funds in his inmate account to his girlfriend, Angelica Brown. The following day, James was informed that he was only permitted to release money to a bail bondsman or his attorney. On August 9, 2012, James requested that the entire cash balance in his inmate account be released to his attorney. On August 10, 2012, Sandra Shady told James to have his attorney contact her and provided a telephone number. On August 11, 2012, Premier sold James's truck.

[3] On August 31, 2012, James submitted another inmate request form which he indicated involved a "grievance." Appellant's App. p. 59. In this grievance, James took issue with the manner in which his requests for money transfer were handled and he requested names of the persons responsible for overseeing such transfers. James submitted a second form on September 9, 2012, reiterating his issues with the manner in which his money transfer requests were handled. On February 21, 2013, James requested that $2300 from his inmate account be released to his attorney and, on February 26, 2013, Allen County Sheriff's Department complied with this request.

[4] On December 8, 2014, James filed a complaint against the Allen County Sherriff's Department[1] alleging that because Defendants failed to honor James's requests to transfer his money, he "suffered the financial loss of his 2002 Dodge Ram Quad 1500 truck valued at $12,500 that had been held as security for a personal loan." Appellant's App. p. 20. Defendants filed a motion for summary judgment arguing that James failed to provide notice pursuant to the ITCA. On August 12, 2015, the trial court granted Defendants' motion for summary judgment.

# Discussion and Decision

---

[1] James later amended his complaint to name additional defendants including the Allen County Jail, former Allen County Sheriff Kenneth C. Fries, and Sandra Shady.

[5] On review of a trial court's decision to grant or deny summary judgment, we apply the same standard as the trial court: summary judgment is appropriate only where the evidence shows there is no genuine issue of material fact and the moving party is entitled to a judgment as a matter of law. *Row v. Holt*, 864 N.E.2d 1011, 1013 (Ind. 2007). "All inferences are to be drawn in favor of the non-moving party." *Id*. The moving party bears the initial burden of proving the absence of a genuine issue of material fact and the appropriateness of judgment as a matter of law. *City of Mishawaka v. Kvale*, 810 N.E.2d 1129, 1132 (Ind. Ct. App. 2004). Upon such showing, the party opposing summary judgment must respond by designating specific facts establishing a genuine issue for trial. *Id*.

[6] The ITCA provides that

> a claim against the state is barred unless notice is filed with the attorney general or the state agency involved within two hundred seventy (270) days after the loss occurs. However, if notice to the state agency involved is filed with the wrong state agency, that error does not bar a claim if the claimant reasonably attempts to determine and serve notice on the right state agency.

Ind. Code § 34-13-3-6.

> The notice required by sections 6, 8, and 9 of this chapter must describe in a short and plain statement the facts on which the claim is based. The statement must include the circumstances which brought about the loss, the extent of the loss, the time and place the loss occurred, the names of all persons involved if known, the amount of the damages sought, and the residence of

> the person making the claim at the time of the loss and at the
> time of filing the notice.

Ind. Code § 34-13-3-10.

[7] James's alleged loss occurred on August 11, 2012, when his truck was sold by Premier. James concedes that his complaint against the Allen County Sheriff's Department, filed on December 8, 2014, did not fall within the requisite notice period provided by the ITCA. However, James argues that his grievance filed on August 31, 2012, was substantially compliant with and sufficient to satisfy the notice requirement of Section 34-13-3-10.

> Substantial compliance with such notice requirements is sufficient where the purpose of the notice requirement is satisfied. *Bienz v. Bloom*, 674 N.E.2d 998, 1005 (Ind. Ct. App. 1996), *reh'g denied*, *trans. denied*. The purpose of the notice requirement is to inform state officials with reasonable certainty of the accident or incident and surrounding circumstances so that the state may investigate, determine its possible liability, and prepare a defense to the claim. *Id*. In order to constitute substantial compliance, the notice must not only inform the State of the facts and circumstances of the alleged injury but *must also advise of the injured party's intent to assert a tort claim*. *Id*. (Emphasis added).

*Ricketts v. State*, 720 N.E.2d 1244, 1246 (Ind. Ct. App. 1999).

[8] James's grievance provided, in its entirety, as follows:

> I was told by my attorney that money cannot be release[d] to him regardless [o]f the fact that it was court order[ed] or okay by the judge in court. Attorney also said that the Sheriff having said no money to be release[d] unless Inmate is released or follows where

ever inmate goes.  But yet I was told on 8-3-12 on a request form
in answering me back that only money release to a bail
bondsman or your attorney.  On another request I was told to
have my attorney get with Sandra Shady for money to be
release[d] off my cash account.  This has been a great dilemma
for me and I would like to know who's responsible for this matter
not taking place when I address all procedures for money release.

Appellant's App. p. 59.  James's grievance does not include what loss he may
have suffered as a result of any negligence involving his money transfer
requests, the extent of any such loss, or the amount of the damages sought.
James concedes that he did not provide additional information to Defendants
until filing his complaint.  Furthermore, James did not advise Defendants of his
intent to assert a tort claim.  Accordingly, James's grievance did not meet the
notice requirements of the ITCA and so his claim is barred. *Rodgers v.
Martinsville Sch. Corp.*, 521 N.E.2d 1322, 1325 (Ind. Ct. App. 1988) ("Failure to
give a timely notice to a governmental entity [under the ITCA] is a
jurisdictional bar to maintaining a tort action against the entity.")

[9]     The judgment of the trial court is affirmed.

Bailey, J., and Altice, J., concur.