CITY OF TIPTON and James E. Fecher,
Appellants–Defendants,

v.

Derek A. BAXTER and Michele A.
Baxter, Appellees–Plaintiffs.

No. 27A04–9110–CV–343.

Court of Appeals of Indiana,
Fourth District.

June 24, 1992.

Richelle V. Cohen, Stephenson & Kurnik, Indianapolis, for appellants-defendants.

Linda Y. Hammel, Charles F. Robinson, Jr., Yarling Robinson Hammel & Lamb, Jane Foley Nash, Indianapolis, for appellees-plaintiffs.

CHEZEM, Judge.

### Case Summary

Defendants–Appellants, City of Tipton ("City") and James E. Fecher ("Fecher"), appeal from the denial of their Motion to Dismiss (converted to a summary judgment motion). We affirm.

### Issue

Defendants present one (1) issue for our review, which we restate as follows:

Whether the trial court erred in denying summary judgment to Defendants.

### Facts and Procedural History

On June 7, 1990, Fecher backed a City truck into a vehicle owned by Baxter Heating & Air Conditioning. Plaintiff–Appellee, Derek A. Baxter ("Baxter"), was a passenger in the vehicle struck by Fecher. Fecher was employed by the City.

The City was insured by the Governmental Interinsurance Exchange ("GIE"). On June 22, 1990, GIE received a loss report regarding the accident from M.J. Insurance Agency. Toby Gerdes ("Gerdes"), a claims examiner for GIE, then hired D'Brook & Co. ("D'Brook") to investigate the claim. The D'Brook employee who performed the investigation was David DeHaven ("DeHaven").

DeHaven then contacted Baxter. DeHaven wanted to know if "[Baxter] had completed his medical treatment and had all of his medical bills and to discuss potential resolution of the claim." Baxter responded

that "he was still having medical problems," and that "he was not ready to discuss resolving his claim." Baxter then hired an attorney, Jane Foley Nash ("Nash"). On September 24, 1990, Nash advised D'Brook of her representation of Baxter. DeHaven acknowledged the representation by letter dated October 1, 1990, stating in part "we would like to be in a position to discuss the resolution of [Baxter's] claim at the earliest opportunity."

In October, 1990, Gerdes paid for the property damage to the truck owned by Baxter Heating & Air Conditioning. He stated in his deposition that he paid the claim because he thought "we caused the damages."

In November, 1990, General Casualty Company, the workers compensation carrier, gave statutory notice of tort claim to the City regarding its subrogation claim arising out of payments it had made to Baxter.

On February 7, 1991, Nash contacted Gerdes, requesting he admit liability in the case. Gerdes then informed Nash that she had not complied with the 180 day notice requirement and "we will be unable to honor any loss that you may present against the City of Tipton in this matter."

The Baxters then filed their Complaint against the City on March 22, 1991. Defendants moved to dismiss based on the Baxters failure to provide the notice of tort claim required by Ind.Code § 34–4–16.5–7. After a hearing, the trial court held:

> The Court having reviewed the pleadings, depositions filed and materials presented by the parties, including affidavits, now finds that Defendant's Motion for Judgment on the Pleadings should be denied because the evidence before the Court indicates that the conduct of the Defendant and its' [sic] insurance company in the investigative stage of this case, prior to filing suit, constituted an estoppel on the part of Defendants to assert the failure of the Plaintiffs to comply with the notice requirements of the Indiana Tort Claims Act.

Defendants petitioned the trial court to certify the issue for interlocutory appeal, which was granted on October 10, 1991.

### Discussion and Decision

Defendants have brought this interlocutory appeal from the denial of their Motion to Dismiss, which the trial court referred to, in its ruling, as a Motion for Judgment on the Pleadings. In fact, because the trial court was presented with, and considered, matters outside the pleadings, the motion "shall be treated as one for summary judgment and disposed of as provided in Rule 56." Indiana Trial Rule 12(B)(8); *Ayres v. Indian Heights Volunteer Fire Department, Inc.* (1986), Ind., 493 N.E.2d 1229, 1232; *Duran v. Komyatte* (1986), Ind.App., 490 N.E.2d 388, 391, *trans. denied.*

Defendants argue that the trial court erred in refusing to enter summary judgment in their favor. In particular, they argue as follows:

> The [trial] court erred in ruling [that] the conduct of the City's insurer estopped Defendants from relying upon Plaintiffs' failure to file [a] tort claim notice as a basis for securing dismissal or summary judgment. Defendants' actions did not constitute an estoppel to assert the failure of Plaintiffs to comply with the notice requirements of the Indiana Tort Claims Act. The Plaintiffs cannot rely on one attempted discussion of the resolution of Derek Baxter's claim when no specific promises were made, no liability admitted, no damage amounts discussed, nor payments made to the Plaintiffs.
>
> Furthermore, the Plaintiffs retained the services of an attorney to represent them at least two months prior to the 180 day deadline for filing [a] tort claim notice. A plaintiff represented by an attorney does not have a valid basis for involving the doctrine[s] of estoppel or waiver.

We first note the pertinent language of the notice statute in question, Ind.Code § 34–4–16.5–7, as follows:

(a) Except as provided in [§ 34–4–16.5–8, dealing with incompetent claimants] of

this chapter, a claim against a political subdivision is barred unless notice is filed with:

(1) the governing body of that political subdivision; and

(2) the Indiana political subdivision risk management commission created under IC 27–1–29;

within one hundred eighty (180) days after the loss occurs.

We also note the language of IC § 34–4–16.5–9, which prescribes the contents of the notice of tort claim. This statute requires that the notice contain "a short and plain statement of the facts on which the claim is based," including:

the circumstances which brought about the loss, the extent of the loss, the time and place the loss occurred, the names of all persons involved if known, the amount of the damages sought, and the residence of the person making the claim at the time of the loss and at the time of filing the notice.

Further, the notice of tort claim "must be in writing and must be delivered in person or by registered or certified mail." IC § 34–4–16.5–11. However, not all technical violations of this statute are fatal to a claim. *Allen v. Lake County Jail* (1986), Ind.App., 496 N.E.2d 412, 414, *reh. denied.* For example, we have excused non-compliance in certain cases based on the theories of substantial compliance, waiver, and estoppel.[1]

The parties in this case focus on "estoppel." The Baxters argue the trial court properly denied summary judgment because their claims were preserved by estoppel. In essence, they argue that they did not provide written notice because they believed it was unnecessary due to certain statements or conduct (which they relied upon) by the Defendants. These arguments, however, are misplaced.[2] Based on the facts and record, the only applicable theory is "substantial compliance." Of course, we may affirm a trial court's decision even if sustainable on grounds different from those reflected in the trial court's order. *Allen, supra; Douglas v. Irvin* (1990), Ind., 549 N.E.2d 368, 371; *Havert v. Caldwell* (1983), Ind., 452 N.E.2d 154, 157.

The rationale for "substantial compliance" was set forth by our supreme court in *Galbreath v. City of Indianapolis* (1970), 253 Ind. 472, 255 N.E.2d 225, 229:

The purpose of the notice statute being to advise the city of the accident so that it may promptly investigate the surrounding circumstances, we see no need to endorse a policy which renders the statute a trap for the unwary *where such purpose has in fact been satisfied.* [Emphasis in original.]

In essence, the purpose of the notice statute is to inform city officials of the time, place, cause, and nature of the accident, as well as the nature and extent of injuries, so that the city may investigate, determine its liability, and prepare a defense. *Allen, supra.*

Furthermore, where the purpose has been satisfied, there may be substantial compliance. As we stated in *Board of Aviation Commissioners v. Hestor* (1985), Ind.App., 473 N.E.2d 151, 154, "substantial compliance with [the] provisions [of notice statute] will suffice when the purpose of the statute has been satisfied."

In addition, there may be substantial compliance though a claimant failed to give *written* notice. As we stated in *Hestor,* "[s]ubstantial compliance has even been found where there was no writing at all."

1. These are distinct theories. "Substantial compliance" focuses on the nature of the notice itself, and is concerned with the extent to which the form, content, and timing of the notice complies with the requirements of the notice statute. *Allen,* 496 N.E.2d at 415. The theory of "waiver" focuses on the defendant's failure to timely raise non-compliance with the statute as a defense. *Id.* Lastly, "estoppel" focuses on representations made by the defendant or its agents to the plaintiff, which induce the plaintiff to reasonably believe that formal notice is unnecessary. *Id.*

2. There were no representations, promises, admissions of liability, or payments in this case to support a claim of estoppel. This case, therefore, is distinguishable from the cases where estoppel was applicable, such as *Allen, supra,* and *Delaware County v. Powell* (1979), 272 Ind. 82, 393 N.E.2d 190.

473 N.E.2d at 154. In particular, we cited to *Delaware County v. Powell* (1979), 272 Ind. 82, 393 N.E.2d 190. Other cases supporting this conclusion include *Allen, supra,* and *Lawrence County Commissioners v. Chorely* (1979), Ind.App., 398 N.E.2d 694.

 Here, the Baxters failed to provide written notice to any city official or department. Thus, we must consider whether the purpose of the notice statute has been satisfied. This matter is to be determined by the court. As stated in *City of Indianapolis v. Satz* (1978), 268 Ind. 581, 377 N.E.2d 623, 625:

> The question of compliance with the statute is not a question of fact for the jury. It is a procedural precedent which need not be pleaded but may be raised as a defense in a responsive pleading. If so raised the plaintiff then has the burden of proving compliance. The trial court must make the determination of whether proper notice was given and must do so prior to trial.

The record in this case supports the trial court's denial of summary judgment to Defendants. The City's insurer, GIE, had actual knowledge of the accident several days after it happened, conducted an investigation, and indicated a willingness to settle with the Baxters. Furthermore, there is evidence indicating that the purpose of the notice statute has been satisfied. During his deposition, GIE's Gerdes admitted he knew the date the accident occurred, the identities of the claimant (Baxter) and the truck driver for the City, and that there had been personal injuries. Gerdes also had information concerning the vehicles involved in the accident, the location where the accident occurred, the phone number and address where the Baxters could be reached, and information concerning the extent of the injuries. DeHaven also took a statement from Baxter, which he forwarded to GIE. All of this evidence, and the reasonable inferences drawn therefrom, supports the conclusion that there has been "substantial compliance" with the notice statute.

Affirmed.

MILLER and STATON, JJ., concur.