Stephen L. McCONNELL and Michele
McConnell, Husband and Wife,
Appellants–Plaintiffs,

v.

PORTER MEMORIAL HOSPITAL,
Appellee–Defendant.

No. 64A05–9803–CV–116.

Court of Appeals of Indiana.

Aug. 31, 1998.

Timothy S. Schafer, Schafer & Schafer, Merrillville, for Appellants–Plaintiffs.

Sharon L. Stanzione, Daniel A. Gioia, Spangler, Jennings & Dougherty, P.C., Merrillville, for Appellee–Defendant.

## OPINION

MATTINGLY, Judge.

Stephen L. McConnell (Dr. McConnell) and Michele McConnell (collectively, the McConnells) appeal the trial court's grant of summary judgment against them and in favor of Porter Memorial Hospital (the Hospital). They present one issue, which we re-

state as whether the trial court properly concluded that the McConnells failed to satisfy the notice requirement of the Indiana Tort Claims Act.[1]

We affirm.

## FACTS AND PROCEDURAL HISTORY

Dr. McConnell was an emergency room physician at the Hospital. On March 30, 1993, he fell in the emergency room on a wet floor. Dr. McConnell injured his left knee and subsequently underwent surgery for that injury.

On that date, hospital staff filled out a "Confidential P.E.R.T.S. II Report" (Incident Report) regarding the fall. This Incident Report was on a form provided by the Hospital's insurer and contained information such as the identity of the injured party, the date, a description of the event, diagnostic studies or treatment, and witnesses. The description of the event read: "slipped on unmarked wet floor & fell down twisting and injuring [left] knee." R. at 63. Hospital staff also completed an "Incident Analysis Report." Id. at 64.

The McConnells filed a lawsuit, which they captioned as a "Malpractice Complaint," against the Hospital in the Porter Superior Court on March 23, 1995. The Hospital moved for summary judgment, alleging that the McConnells had failed to file a notice with the Hospital's governing board and thus had not complied with the statutory notice requirements of the Indiana Tort Claims Act. The trial court granted the Hospital's motion for summary judgment, and this appeal ensued.

## STANDARD OF REVIEW

Summary judgment is appropriate only when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Ind. Trial Rule 56(C). On appeal from a grant of summary judgment, the burden is on the appellant to prove the trial court erred in determining there were no genuine issues of material fact and that the moving party was entitled to judgment as a matter of law. Welch v. Scripto-Tokai Corp., 651 N.E.2d 810, 813 (Ind.Ct.App.1995). When reviewing an entry of summary judgment, we stand in the shoes of the trial court. We do not weigh the evidence but will consider the facts in the light most favorable to the nonmoving party. Reed v. Luzny, 627 N.E.2d 1362, 1363 (Ind. Ct.App.1994). We may sustain a summary judgment upon any theory supported by the designated materials. T.R. 56(C).

## DISCUSSION AND DECISION

A suit against a political subdivision[2] is barred unless notice of a claim is given to the governing body within 180 days of the loss. Ind.Code § 34–4–16.5–7. The notice must include the following information in a short and plain statement: (1) the circumstances which brought about the loss, (2) the extent of the loss, (3) the time and place the loss occurred, (4) the names of all persons involved, if known, (5) the amount of damages sought, and (6) the residence of the person making the claim at the time of the loss and at the time of filing the notice. Hasty v. Floyd Mem'l Hosp., 612 N.E.2d 119, 122–23 (Ind.Ct.App.1992). The purpose of the notice statute is to inform a political subdivision with reasonable certainty of the accident and surrounding circumstances so that the political subdivision may investigate, determine liability, and prepare a defense to the claim. Scott v. Gatson, 492 N.E.2d 337, 340 (Ind.Ct.App.1986).

It has long been the policy in Indiana to liberally apply the requirements of the statute to plaintiffs. Our supreme court has stated that "we see no need to endorse a policy which renders the statute a trap for the unwary where such purpose has in fact been satisfied." Galbreath v. City of Indianapolis, 253 Ind. 472, 479–80, 255 N.E.2d 225, 229 (1970).

1. Indiana Code Section 34–4–16.5–1 et seq. This section was recodified at section 34–13–3–1 et seq. effective July 1, 1998.

2. The trial court found, and the parties do not dispute on appeal, that the Hospital is a "political subdivision" to which the provisions of the Tort Claims Act apply.

The McConnells argue that they have substantially complied with the provisions of the Tort Claims Act. They also assert that genuine issues of material fact exist as to whether the Hospital's conduct created an estoppel or waiver. We disagree.

■ Initially, it should be noted that substantial compliance, waiver and estoppel are distinct theories.

'Substantial compliance' focuses on the nature of the notice itself, and is concerned with the extent to which the form, content, and timing of the notice complies with the requirements of the notice statute. The theory of 'waiver' focuses on the defendant's failure to timely raise non-compliance with the statute as a defense. Lastly, 'estoppel' focuses on representations made by the defendant or its agents to the plaintiff, which induce the plaintiff to reasonably believe that formal notice is unnecessary.

*City of Tipton v. Baxter,* 593 N.E.2d 1280, 1282 n. 1 (Ind.Ct.App.1992) (citations omitted).

■ The McConnells do not present a cogent argument as to the issues of waiver or estoppel. Our rules require that each allegation of error be followed by an argument which contains not only the contentions of the appellant, but also the reasons in support of the contentions, citations to the authorities relied upon, and "a clear showing of how the issues and contentions in support thereof relate to the particular facts of the case under review." Ind. Appellate Rule 8.3(A)(7). When no cogent argument is presented, our consideration of the issue is waived. *Quick v. State,* 660 N.E.2d 598, 600 n. 4 (Ind.Ct. App.1996). Waiver notwithstanding, the facts and the record in this case do not point toward theories of waiver or estoppel. The only applicable theory in this case is one of substantial compliance.

■ The Incident Report contained the following information: "Diagnosis and/or procedure at time of event"; "Reason in or at facility"; "Description of event"; "Wit-nesses"; "Diagnostic studies/follow-up treatment"; "Persons Notified"; the date and time of the event; and Dr. McConnell's name.[3] R. at 63. However, the notice must not only inform as to the facts and circumstances of the alleged injury, but must also advise of the injured party's intent to assert a tort claim. *Bienz v. Bloom,* 674 N.E.2d 998, 1005 (Ind.Ct.App.1996), *transfer denied.*

Nothing in either the Incident Report or the Incident Analysis Report placed the Hospital on notice that the McConnells intended to present a tort claim. The McConnells argue that the Hospital's actual notice of the injury and its opportunity for investigation put the Hospital on notice that they intended to make a claim, thus constituting substantial compliance. However, actual knowledge or routine investigation by a political subdivision will not relieve a claimant of the duty to give notice that he or she intends to hold the political subdivision liable. *Scott,* 492 N.E.2d at 340. Further, since it had not been advised of the McConnells' intention to bring suit, any investigation the Hospital did conduct was "inadequate, since it was undertaken without an eye firmly cast toward potential liability and litigation." *Collier v. Prater,* 544 N.E.2d 497, 499 (Ind.1989).

The McConnells urge us to follow *City of Tipton v. Baxter.* In that case, Baxter was injured in an accident involving Baxter's automobile and a truck owned by the City of Tipton. The City's insurance company received a loss report regarding the accident. The insurance company commenced an investigation and orally contacted Baxter regarding that investigation and the possibility of settlement. We do not believe *Baxter* supports the McConnells' position. In *Baxter,* the City was not only aware of the time, place, cause and nature of the accident, as well as the nature and extent of injuries, but was also aware that a claim was being presented. The City's insurer had direct contact from a lawyer representing Baxter, and the City had received a tort claims notice from Baxter's worker's compensation insurer presenting a subrogation claim.

**3.** The only information contained in the Incident Analysis Report was an "Incident Summary," which read "slipped on unmarked wet floor— injured [left] knee", and an "Analysis" section, which read "as above." R. at 64.

Here, by contrast, the McConnells provided no notice of any type to the Hospital indicating that they intended to present a claim. We have long recognized that negligence will not be presumed or inferred from the mere fact of an accident or injury. *E.g., Southern Ind. Ry. Co. v. Messick,* 35 Ind. App. 676, 682, 74 N.E. 1097, 1099 (1905); *Wright Corp. v. Quack,* 526 N.E.2d 216, 218 (Ind.Ct.App.1988). The McConnells ask us to hold that notice of a pending tort lawsuit may be presumed or inferred from the mere fact of an accident or injury, and we must decline their invitation.

Notice to a political subdivision that there has been an accident does not, by itself, constitute substantial compliance with the statutory requirement of notice that the accident victim intends to assert a tort claim. The trial court's entry of summary judgment in favor of the Hospital is affirmed.

Affirmed.

NAJAM and FRIEDLANDER, JJ., concur.