Kimberly **FOWLER** and Timothy Fowler, Appellants–Plaintiffs,

v.

Craig A. **BREWER**, Appellee–Defendant.

No. 73A01–0201–CV–36.

Court of Appeals of Indiana.

Aug. 20, 2002.

Randall L. Juergensen, Matthew C. Boulton, Keller & Keller, Indianapolis, IN, Attorneys for Appellants.

Richard M. Giesel, Gaston Cavanaugh & Giesel, Indianapolis, IN, Attorney for Appellee.

## OPINION

RILEY, Judge.

### STATEMENT OF THE CASE

Appellants–Plaintiffs, Kimberly and Timothy Fowler, (Kimberly and Timothy individually, and the Fowlers collectively), appeal the trial court's denial of their motion for summary judgment and the granting of final judgment in favor of Appellee Defendant, Craig A. Brewer (Brewer).

We affirm.

### ISSUES

The Fowlers raise two (2) issues on appeal, which we restate as follows:

1. Whether the trial court acted within its discretion when it granted Brewer leave to amend his answer to add non-compliance with the notice requirements of the Indiana Tort Claims Act (ITCA) as an affirmative defense.

2. Whether the trial court erred in granting summary judgment in favor of Brewer by determining that the Fowlers failed to comply with the notice provisions of the ITCA.

### FACTS AND PROCEDURAL HISTORY

On March 29, 1999, at approximately 8:55 p.m., Timothy was operating a 1995 Dodge Neon eastbound on U.S. 52 in Morristown, Indiana. Kimberly was a passenger in the Dodge Neon on this date. At the same time, Brewer was operating a 1990 Chevrolet vehicle northbound on County Road 500 East in Morristown, Indiana.

As the Fowlers' car proceeded through the intersection of U.S. 52 and C.R. 500 E, Brewer attempted to stop but failed to yield the right-of-way. As a result, Brewer ran the posted stop sign and collided with the Fowlers' Dodge Neon. Brewer testified that no damage was done to his vehicle and that the Fowlers' car "glanced across the front" of his vehicle. (Appellant's App. p. 70). Brewer paid a fine for failing to yield the right-of-way.

Brewer's vehicle was equipped with a blue flashing light on the top of his vehicle that all volunteer firefighters are required

to use when responding to an emergency call. Brewer's blue light was activated and operating as he drove on C.R. 500 E. The Fowlers admitted that they both saw the blue flashing lights. At the accident scene, Brewer told Timothy that he was responding to a fire in Freeport, Indiana in order to turn off the gas. However, the accident report fails to state that Brewer was acting in his capacity as a volunteer firefighter at the time of this accident. Kimberly sustained several injuries as a result of the collision.

The vehicle operated by Brewer at the time of the accident was registered to and insured through his employer, J.R. Wortman Co., Inc. (Wortman). The vehicle was insured under an insurance policy issued by the Cincinnati Insurance Company.

On April 2, 1999, the Fowlers notified the Cincinnati Insurance Company of their intent to pursue a claim for personal injuries relating to the March 29, 1999 accident. Between April 2, 1999, and February 10, 2000, the Fowlers and Cincinnati Insurance Company representatives attempted to negotiate a mutually agreeable resolution, but were unsuccessful.

On February 10, 2000, the Fowlers filed their Complaint for Damages with Jury Demand against Brewer and Wortman. On April 5, 2000, Brewer and Wortman jointly filed Answers to the Plaintiffs' Complaint for Damages and Request for Jury Trial.

On June 27, 2000, Brewer served the Fowlers with Defendant's, Craig A. Brewer, Answers to [P]laintiffs' First Set of Interrogatories. In response to Interrogatory Number 7, Brewer stated, "I left my home at approximately 8:40 p.m. to respond to a fire emergency call in my capacity as a volunteer firefighter with the Manilla Fire Department...." (Appellant's App. p. 113).

On February 21, 2001, Brewer filed his Motion to Amend Responsive Pleadings by Interlineation seeking to add an affirmative defense that "Plaintiffs' claim is barred due to plaintiffs' failure to file a Tort Claim Notice pursuant to Ind.Code § 34-13-3-1, et. seq." (Appellant's App. p. 19). On February 22, 2001, the Fowlers filed their Objection to Motion to Amend Responsive Pleading by Interlineation. The Fowlers also filed a Brief in Opposition to Defendant Craig A. Brewer's Motion to Add Affirmative Defense on March 29, 2001. Brewer filed his Response to Plaintiffs' Objection to Defendant Craig Brewer's Amending Answer to Add Affirmative Defense on April 25, 2001.

On April 26, 2001, a hearing was held on the above motions. On May 24, 2001, the trial court ordered final judgment for Wortman and against the Fowlers. The trial court also granted Brewer's Motion to Amend Responsive Pleadings by Interlineation. On August 15, 2001, Brewer filed his Amended Answer to Plaintiffs' Complaint for Damages and Request for Jury Trial.

On May 29, 2001, the Fowlers filed a Motion for Summary Judgment based on the notice requirement of the ITCA. On June 25, 2001, the Fowlers filed their Brief in Support of Plaintiffs' Motion for Summary Judgment on the Issue of Notice claiming that there was no genuine issue of material fact because they substantially complied with the notice requirement of the ITCA. They also filed Plaintiffs' Designation of Evidence on this date. On September 5, 2001, Brewer filed his Objection to Plaintiffs' Motion for Summary Judgment on the Issue of Notice and his Memorandum in Opposition to Plaintiffs' Motion for Summary Judgment on the Issue of Notice. On September 6, 2001, a hearing was held on the motion for summary judgment. On October 2, 2001, the trial

court entered its order denying the Fowlers' Motion for Summary Judgment. The order stated, in pertinent part, as follows:

> Pursuant to T.R. 56(B), the Court finds that there exists no genuine issue of material fact on the question of notice and that [Brewer] is entitled to judgment as a matter of law [ ]. Therefore, the Court grants judgment for [Brewer] and against [the Fowlers] on the issue of notice required by the [ITCA]. ....
> There being no just reason for delay, final judgment is entered for [Brewer] and against [the Fowlers] on the issue of notice by the [ITCA]. ·

(Appellant's App. p. 10).

On October 22, 2001, the Fowlers filed their Motion to Correct Errors. On November 13, 2001, Brewer filed his Objection to Plaintiffs' Motion to Correct Errors. On November 29, 2001, the trial court conducted a hearing on the motion. On January 2, 2002, the trial court denied the Fowlers' Motion to Correct Errors.

The Fowlers now appeal.

## DISCUSSION AND DECISION

### I.  Summary Judgment

In *Brunton v. Porter Memorial Hosp. Ambulance Service*, 647 N.E.2d 636, 638–39 (Ind.Ct.App.1994), this court held:

> The purpose of summary judgment is to terminate litigation about which there can be no factual dispute and which may be determined as a matter of law. Ind.Trial Rule 56(C); *Fawley v. Martin's Supermarkets, Inc.* (1993), Ind. App., 618 N.E.2d 10, 12, *trans. denied.* The moving party bears the burden of making a prima facie showing that there are no genuine issues of material fact. T.R. 56(C); *Campbell v. Criterion Group* (1993), Ind.App., 613 N.E.2d 423, 428, *on reh'g* 621 N.E.2d 342. Once the moving party makes a prima facie show-

ing of the non-existence of a genuine issue of material fact, the burden shifts to the non-moving party to set forth specific facts showing the existence of a genuine issue for trial. T.R. 56(E); *Campbell,* 613 N.E.2d at 428. Summary judgment will be affirmed on appeal if it is sustainable on any theory or basis found in the evidentiary matter designated to the trial court. *Fawley,* 618 N.E.2d at 12.

On appeal, we are normally bound by the same standard as the trial court and we must consider all matters which were designated at the summary judgment stage in the light most favorable to the non-moving party. T.R. 56(C); *Campbell,* 613 N.E.2d at 428. However, the question of compliance with the ITCA is a "procedural precedent which the plaintiff must prove and which the trial court must determine prior to trial." *Hupp v. Hill* (1991), Ind.App., 576 N.E.2d 1320, 1323 (quoting *Indiana Dep't of Highways v. Hughes* (1991), Ind.App., 575 N.E.2d 676, 678; *Indiana State Highway Commission v. Morris* (1988), Ind., 528 N.E.2d 468, 471). Accordingly, a summary judgment based on the plaintiff's failure to comply with the notice provisions of the Act is "subject to review as [a] negative judgment[ ], which we will reverse only if contrary to law." *Id.* at 1323–1324.

### II.  The ITCA

At the outset, we note that the ITCA governs lawsuits against political subdivisions like the Manilla Fire Department and its employees. The ITCA requires early notice that a claim exists, and provides substantial immunity for conduct within the scope of the employees' employment. *Celebration Fireworks, Inc. v. Smith,* 727 N.E.2d 450, 452 (Ind.2000). The purpose of the ITCA is to ensure that public employees can exercise their inde-

pendent judgment necessary to carry out their duties without threat of harassment by litigation or threats of litigation over decisions made within the scope of their employment. *Id.*

Ind.Code § 34–13–3–8, the ITCA notice requirement, provides:

(a) Except as provided in section 9 of this chapter, a claim against a political subdivision is barred unless notice is filed with:

(1) The governing body of that political subdivision; and

(2) The Indiana political subdivision risk management commission created under IC 27–1–29;

within one hundred eighty (180) days after the loss occurs.

(b) A claim against a political subdivision is not barred for failure to file notice with the Indiana political subdivision risk management commission created under IC 27–1–29–5 if the political subdivision was not a member of the political subdivision risk management fund established under IC 27–1–29–10 at the time the act or omission took place.

### A. Amended Answer

■ The Fowlers claim that the trial court erred in allowing Brewer to amend his answer to include the affirmative defense of failure to provide notice as required by the ITCA. We disagree.

■ In *Barber v. Cox Communication, Inc.*, 629 N.E.2d 1253, 1258 (Ind.Ct.App. 1994), *trans. denied, abrogated on other grounds by Rausch v. Reinhold*, 716 N.E.2d 993 (Ind.Ct.App.1999), this court held:

The policy generally is to liberally allow amendments of pleadings and leave to amend should be given unless the amendment would result in prejudice to the opposing party. *Huff v. Travelers*

*Indemnity Co.* (1977), 266 Ind. 414, 420, 363 N.E.2d 985, 989. The trial court is vested with broad discretion in determining whether to permit amendments to pleadings. *Id.* Additionally, when a claim or defense asserted in the amended pleading arose out of an occurrence that had been set forth in the original pleading, the amendment relates back to the date of the original pleading. Ind. Trial Rule 15(C).

Brewer did not assert his affirmative defense of failure to comply with the notice requirement under the ITCA in his original answer. Failure to give notice is a defense that a political subdivision must assert in its answer to a plaintiff's complaint. *Health & Hosp. Corp. of Marion County v. Gaither*, 272 Ind. 251, 397 N.E.2d 589, 592 (1979). Nonetheless, as stated above, amended pleadings relate back to the original pleading when a claim or defense asserted in the original pleading arises out of an occurrence that had been set forth in the original pleading. *See* T.R. 15(C). We have such a situation here.

Nevertheless, the Fowlers argue that they sustained undue prejudice as a result of the trial court granting Brewer leave to amend his answer. Specifically, the Fowlers maintain that Brewer waived the affirmative defense on the issue of notice because he failed to assert it in a timely manner. Under Indiana law, the theory of waiver does not focus on the notice given by a plaintiff, but rather on a defendant's failure to timely raise plaintiff's non-compliance with the statute as a defense. *McConnell v. Porter Memorial Hosp.*, 698 N.E.2d 865, 868 (Ind.Ct.App.1998). Therefore, the Fowlers contend that the trial court abused its discretion by allowing Brewer to belatedly amend his answer a year and a half after their complaint was filed.

However, we find that the trial court acted within its discretion by granting Brewer leave to amend his answer to add the affirmative defense of failure to comply with the notice requirement under the ITCA. As discussed above, amendments to pleadings are liberally allowed unless the other party suffers undue prejudice. *Barber*, 629 N.E.2d at 1258. Here, the Fowlers fail to demonstrate that they sustained undue prejudice. Timothy and Kimberly both testified in their depositions that they saw "blue lights flashing" as Brewer's vehicle approached the intersection. (Appellant's App. p. 32–3). Brewer also testified that the light on his vehicle was in operation at the time of the collision. Further, Brewer confirmed that the blue flashing light was the type of light used to designate a volunteer firefighter emergency vehicle. Brewer also stated in his response to Interrogatory Number 7, "I left my home at approximately 8:40 p.m. to respond to a fire emergency call in my capacity as a volunteer firefighter with the Manilla Fire Department ..." (Appellant's App. p. 113). Thus, it appears that the Fowlers had actual knowledge of Brewer's status as a volunteer firefighter; or at the very least were placed on notice to inquire into the purpose and meaning of the blue flashing light on Brewer's vehicle, *i.e.* the application of the ITCA.

Moreover, the automobile accident occurred on March 29, 1999. Under I.C. § 34-13-3-8, the Fowlers were required to file a tort claim notice within 180 days of the accident, or in this case September 25, 1999. Clearly, the deadline to file a tort claim notice came and went before Brewer filed his original answer on April 5, 2000. Therefore, we find that even if the affirmative defense of failure to comply with the ITCA notice statute was asserted in Brewer's original answer, the Fowlers still missed the deadline to file a tort claim notice. Thus, the Fowlers failed to demonstrate that they suffered undue prejudice as a result of Brewer's delay.

With the above in mind, we agree that Brewer should have asserted his affirmative defense, regarding the Fowlers' failure to comply with the notice requirement under the ITCA, in it original answer. However, the Fowlers have not demonstrated that they were prejudiced by the trial court's order granting Brewer leave to amend his answer. Accordingly, we cannot find that the trial court abused its discretion in allowing Brewer to amend his answer, adding the affirmative defense of failure to provide notice as required by the ITCA. *See Barber*, 629 N.E.2d at 1258.

### B. Substantial Compliance

Next, the Fowlers maintain that the trial court erred in determining that they failed to substantially comply with the notice provisions of the ITCA.

"Substantial compliance focuses on the nature of the notice itself, and is concerned with the extent to which the form, content, and timing of the notice complies with the requirements of the notice statute." *McConnell*, 698 N.E.2d at 868. Substantial compliance with such notice requirements is sufficient where the purpose of the notice requirement is satisfied. *Bienz v. Bloom*, 674 N.E.2d 998, 1005 (Ind.Ct. App.1996), *reh'g denied, trans. denied.* The purpose of the notice requirement is to inform state officials with reasonable certainty of the accident or incident and surrounding circumstances so that the state may investigate, determine its possible liability, and prepare a defense to the claim. *Id.* In order to constitute substantial compliance, the notice must not only inform the State or the governing body of the political subdivision of the facts and circumstances of the alleged injury but must also advise of the intent of the injured party to assert a tort claim. *Rick-*

*etts v. State*, 720 N.E.2d 1244, 1246 (Ind. Ct.App.1999), *trans. denied.*

Initially, we note that the Fowlers fail to strictly comply with the notice requirement of the ITCA. The letter sent by the Fowlers to the Cincinnati Insurance Company on April 2, 1999 does not constitute notice under I.C. § 34–13–3–8. The letter was not sent to the governing body of the Manilla Fire Department within 180 days of the Fowlers' loss. *See* I.C. § 34–13–3–8. Generally, the failure to comply with the requirements of the notice statute will subject a claim to summary judgment. *Allen v. Lake County Jail*, 496 N.E.2d 412, 414 (Ind.Ct.App.1986). However, not all technical violations of the notice statute are fatal to a claim. *Id.*

In the present case, the Fowlers maintain that they placed the "Cincinnati Insurance Company on notice of their claim on April 2, 1999. The Cincinnati Insurance Company was the insurance information[,] which Brewer provided to the investigating officer at the scene of the accident. This notice was well within the 180 day period and substantially complied with the requirements of the Tort Claims Act." (Appellant's Br. p. 15). Further, the Fowlers assert "the Cincinnati Insurance Company, as the indemnity insurer of Brewer, is effectively the constructive agent of Brewer and the Manilla Fire Department for purposes of the notice requirement under the Act." (Appellant's Br. p. 15). The Fowlers also argue that their failure to strictly comply with the requirements of the ITCA was "a technical violation and did not prejudice Brewer or the Cincinnati Insurance Company in any manner." (Appellant's Br. p. 16). Therefore, the Fowlers contend that they substantially complied with the notice requirements of the ITCA.

As stated above, the Fowlers failed to provide written notice to the governing body of the Manilla Fire Department. Thus, we must consider whether the purpose of the notice statute has been satisfied. *Bienz*, 674 N.E.2d at 1005.

The present case is similar to *Coghill v. Badger*, 418 N.E.2d 1201 (Ind.Ct.App. 1981), where Coghill was injured when the bus on which she was riding rear-ended another vehicle. In *Coghill*, the bus was owned and operated by the Indianapolis Public Transportation Corporation (IPTC). After the accident, Coghill retained legal representation and her counsel sent a letter to inform the IPTC that she was seeking damages as a result of the accident. We found that the letter failed to notify the governing body of IPTC of the accident, did not state the circumstances of the accident, and was not sent to the appropriate officials by personal service, certified mail, or registered mail. Further, we held that independently acquired knowledge or routine investigation of an occurrence was insufficient to show substantial compliance with the notice statute. *Id.* at 1204. Specifically, we found that the letter from Coghill's counsel to the IPTC failed to approach the standard of the statute with respect to form and content. *Id.* at 1206. Statutory notice of a claim is a condition precedent to recovery on a claim. *Id.*

Likewise, the letter sent by the Fowlers' counsel to Cincinnati Insurance Company failed to meet the statutory standard for form and content. I.C. § 34–13–3–10 states that the notice must include the following information in a short and plain statement: (1) the circumstances that brought about the loss, (2) the extent of the loss, (3) the time and place the loss occurred, (4) the names of all persons involved if known, (5) the amount of damages sought, and (6) the residence of the person making the claim at the time of the loss and at the time of filing the notice. *McConnell*, 698 N.E.2d at 868.

Here, the letter informs the Cincinnati Insurance Company that counsel is representing the Fowlers for damages Kimberly sustained in the March 29, 1999 car accident. The letter does not include a short and plain statement of the facts describing the basis of the claim. In particular, the letter fails to contain the following: (1) the circumstances of the accident that resulted in the Fowlers' loss, (2) the extent of the Fowlers' loss, (3) the time and place that their loss occurred, (4) the names of all the persons involved, *i.e.* Brewer's name was known, but not included, (5) the amount of damages sought by the Fowlers, and (6) the location of the accident or the name of the driver of the other vehicle. *Id.*

Moreover, I.C. § 34–13–3–12 provides that the required notice must be delivered in person or by registered or certified mail. In this case, there is no indication of how the Fowlers' letter was delivered to the Cincinnati Insurance Company.

Clearly, the Fowlers' letter to Cincinnati Insurance Company fails to comply with the form, content, and timing requirements of the notice statute. *McConnell,* 698 N.E.2d at 868. The purpose of the notice statute has not been satisfied. *Bienz,* 674 N.E.2d at 1005. Consequently, we find that the April 2, 1999 letter to the Cincinnati Insurance Company does not constitute substantial compliance. *See Ricketts,* 720 N.E.2d at 1246.

Additionally, actual knowledge of the occurrence on the part of the political subdivision or an employee of the political subdivision does not satisfy the notice requirement of the ITCA. *See Governmental Interinsurance Exch. v. Khayyata,* 526 N.E.2d 745, 746 (Ind.Ct.App.1988); *Rodgers v. Martinsville School Corp.,* 521 N.E.2d 1322, 1326 (Ind.Ct.App.1988), *trans. denied.* Obviously, Brewer was aware of the accident that occurred on March 29, 1999. However, the Fowlers failed to file the required notice specifically with the governing body of the Manilla Fire Department. The actual knowledge by Brewer does not eliminate the requirement that the Fowlers give notice under the ITCA. *Id.*

The Fowlers also urge us to follow *City of Tipton v. Baxter,* 593 N.E.2d 1280, 1283 (Ind.App.1992), where our supreme court found that the evidence and the reasonable inferences drawn therefrom supported the conclusion that there was substantial compliance with the notice statute of the ITCA. The Fowlers believe that the evidence presented and the reasonable inferences drawn therefrom support their claim of substantial compliance with the ITCA. The Fowlers maintain that the Cincinnati Insurance Company had actual knowledge of this accident within days of its occurrence, and therefore, had the opportunity to conduct an investigation of the accident. Further, the Fowlers contend that the Cincinnati Insurance Company indicated a willingness to settle their claim, even at the hearing on the motion for summary judgment.

However, we do not believe that *Baxter* supports the Fowlers' position. There is no evidence on the record that ongoing correspondence and negotiations were occurring between the Fowlers and the Cincinnati Insurance Company. The record also is void of any evidence that the Cincinnati Insurance Company was a "constructive agent" for Brewer or the Manilla Fire Department.

We must limit our review to the record before us. An error alleged but not disclosed by the record is not a proper subject for our review. *In re the Marriage of Snemis,* 575 N.E.2d 650, 655 (Ind.Ct.App. 1991). Since the Fowlers' allegations as to the conduct of the Cincinnati Insurance Company are not supported by any refer-

ence to the record, we find that they must be disregarded as improper for our review. Therefore, we find that the evidence presented fails to support the Fowlers' claim of substantial compliance with the ITCA.

Accordingly, we hold that the trial court properly granted summary judgment in favor of Brewer on the issue of notice under the ITCA.

## C. Estoppel

■ Finally, the Fowlers argue that Brewer was estopped from asserting their non-compliance with the notice provisions of the ITCA as an affirmative defense. Specifically, the Fowlers claim that Brewer failed to timely provide notice to them that he was acting within his role as a volunteer firefighter with the Manilla Fire Department at the time of the accident.

The theory of estoppel focuses on representations made by the defendant or its agents to the plaintiff that induce the plaintiff to reasonably believe that formal notice is unnecessary. *McConnell,* 698 N.E.2d at 868–69. In *Gregor v. Szarmach,* 706 N.E.2d 240, 243 (Ind.Ct.App.1999), where this court held that where a governmental employee acts in the course of his duties in a manner that disguises or fails to reveal his government employee status, he may be estopped from asserting the ITCA as a bar to a plaintiff's claim, if the plaintiff actually and reasonably lacks knowledge of the employee's status.

Here, Brewer's vehicle was equipped with a blue flashing light. Based on the Fowlers' testimony, the blue flashing light was operating at the time of the accident. Timothy testified that Brewer told him that he was responding to a fire in Freeport, Indiana and needed to get there in order to turn off the gas. The record also shows that the Fowlers testified that they understood that the blue flashing light signified an emergency vehicle of some kind. Consequently, Brewer did not disguise his identity as a governmental employee or fail to reveal his status. Therefore, the Fowlers cannot claim that they actually and reasonably lacked knowledge of Brewer's status. *See Gregor,* 706 N.E.2d at 243. The Fowlers were at least placed on reasonable inquiry notice to find out about the blue flashing light on the date of the accident. Further, Brewer's answer to Interrogatory Number 7 on June 27, 2000 serves to confirm his status under the ITCA. Based on the evidence presented, this interrogatory answer does not appear to be the only available information on his status. The Fowlers allege that Brewer failed to timely notify them of his status by waiting until June 27, 2000. However, as indicated above, the Fowlers had information that should have led them to discover Brewer's status prior to June 27, 2000. Moreover, the ITCA requires that the Fowlers place defendants or possible defendants (i.e., the State or a political subdivision) on notice of possible claims against it, not the reverse. As a result, we find that Brewer was not estopped from asserting the affirmative defense of the Fowlers' non-compliance with the notice requirement of the ITCA. *Id.*

## CONCLUSION

Based on the foregoing, we conclude that the trial court properly granted summary judgment and final judgment in favor of Brewer on the issue of notice under the ITCA.

Affirmed.

MATTINGLY–MAY, J., and VAIDIK, J., concur.