Saundra SMITHSON and Clyde Smithson, Appellants–
Plaintiffs,

v.

HOWARD REGIONAL HEALTH SYSTEM, Appellee–
Defendant.

No. 34A02–0902–CV–134.

Court of Appeals of Indiana.

June 16, 2009.

Daniel J. Harrigan, Bayliff, Harrigan, Cord, Maugans & Cox, P.C., Kokomo, IN, Attorney for Appellants.

Kirk R. Jocham, Hall, Render, Killian, Heath & Lyman, P.C., Indianapolis, IN, Attorney for Appellee.

## OPINION

KIRSCH, Judge.

Saundra Smithson ("Saundra") and Clyde Smithson ("Clyde") (collectively "the Smithsons") appeal from the trial court's order granting summary judgment in favor of Howard Regional Health System ("Howard Regional") in the Smithsons' premises liability case based on negligence against Howard Regional after Saundra slipped and fell on black ice in the hospital parking lot. Of the many issues presented for our review, the following issue is dispositive: whether the trial court erred by granting summary judgment in favor of Howard Regional after finding that the Smithsons had failed to comply with the notice provisions of the Indiana Tort Claims Act [1] ("the Act").

We reverse and remand for further proceedings.

## FACTS AND PROCEDURAL HISTORY

On December 12, 2005, the Smithsons drove to Howard Regional because Saundra had an appointment with her doctor. The Smithsons parked their vehicle in Howard Regional's parking lot, and after

---

1. *See* Ind.Code § 34–13–3–3 *et seq.*

exiting the vehicle, Saundra slipped and fell on black ice causing her to suffer a fractured pelvis. The parking lot had not yet been treated with sand or salt. Saundra initially was treated in the emergency room of Howard Regional, and was admitted and treated at the hospital from December 12, 2005 until her release on December 19, 2005.

A patient/visitor incident report was filled out and signed by David Daily, Howard Regional's Security Director, detailing the circumstances of Saundra's fall in the parking lot. *Appellants' App.* at 144. After spending some time with the Smithsons while Saundra awaited treatment, Daily went to the parking lot and took photographs of the area. Patty O'Connor prepared a social services note regarding Saundra's fall in which she noted that Clyde wanted Howard Regional to cover the bills associated with Saundra's care. *Id.* at 133–34.

Clyde told Daily that he previously had worked in a VA hospital and knew how things worked and that Howard Regional was responsible. *Id.* at 74. On January 3, 2006, the Smithsons' attorney wrote separately to Howard Regional and Med Pro, Howard Regional's insurance carrier, informing them that he was representing the Smithsons in their claim arising from Saundra's fall. The legal assistant for the Smithsons' attorney called the adjuster for Med Pro, who confirmed the carrier had received the claim letter.

Ultimately, the Smithsons' complaint was filed on October 17, 2006. Howard Regional filed its answer to the Smithsons' complaint, but did not raise the issue of the Smithsons' failure to comply with the notice provision of the Act until Howard Regional filed its motion for summary judgment. The Smithsons filed a motion for partial summary judgment on the issue of Howard Regional's negligence. The trial court heard argument on the motions and took the matter under advisement, later granting Howard Regional's motion for summary judgment after finding that the Smithsons had failed to comply with the notice provisions of the Act, and denying the Smithsons' motion. The Smithsons now appeal.

## DISCUSSION AND DECISION

Our standard of review for summary judgment is the same as that used in the trial court: summary judgment is appropriate only where the evidence shows there is no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. Ind. Trial Rule 56(C); *Bd. of Sch. Comm'rs of City of Indianapolis v. Pettigrew,* 851 N.E.2d 326, 330 (Ind.Ct.App.2006). All facts and reasonable inferences drawn from those facts are construed in favor of the non-moving party. *Pettigrew,* 851 N.E.2d at 330. Review of a summary judgment motion is limited to those materials designated to the trial court. *Id.*

The Smithsons' complaint alleged negligence, which is comprised of three elements: (1) a duty on the part of a defendant in relation to the plaintiff; (2) a failure on the part of the defendant to conform its conduct to the requisite standard of care required by the relationship; and (3) an injury to the plaintiff that was proximately caused by the defendant's breach. *Merrill v. Knauf Fiber Glass GmbH,* 771 N.E.2d 1258, 1264 (Ind.Ct.App. 2002) Howard Regional filed a motion for summary judgment in which it alleged that the Smithsons had failed to comply with the notice provisions of the Act. The Smithsons filed a motion for partial summary judgment claiming: (1) they had substantially complied with the notice provision of the Act; and (2) they were entitled to partial summary judgment on the issue of Howard Regional's negligence in failing

to put sand and salt on the snow and ice in the parking lot. Even though summary judgment is rarely appropriate in a negligence action, a defendant may obtain summary judgment by demonstrating that the undisputed facts negate at least one element of the plaintiff's claim. *Id.* However, compliance with the Act is a question of law properly determined by the court. *Brown v. Alexander,* 876 N.E.2d 376, 380 (Ind.Ct.App.2007). A judgment based on non-compliance with the Act is subject to review as a negative judgment, and we will reverse the trial court's determination only if it is contrary to law. *Id.*

■ Pursuant to the Act, governmental entities can be subjected to liability for tortious conduct unless the conduct is within an immunity granted by the Act. *Id.* "A liberal application of the notice requirements of the [Act] is proper in order to avoid denying plaintiffs an opportunity to bring a claim where the purpose of the statute has been satisfied." *Id.* at 381. Not all technical violations of this statute are fatal to a claim, and non-compliance has been excused in certain cases based on the theories of substantial compliance, waiver, and estoppel. *Id.*

■ "Substantial compliance focuses on the nature of the notice itself, and is concerned with the extent to which the form, content, and timing of the notice complies with the requirements of the notice statute." *McConnell v. Porter Mem'l Hosp.,* 698 N.E.2d 865, 868 (Ind.Ct.App.1998). Substantial compliance allows an action to proceed when a claimant has attempted to provide notice, has fallen short of the strictures of the statute, and, yet, has supplied the appropriate governmental entity with sufficient information to investigate the claim. *Howard County Bd. of Comm'rs v. Lukowiak,* 810 N.E.2d 379, 382 (Ind.Ct. App.2004).

Howard Regional contends that the trial court's order granting summary judgment

in its favor was proper based on the Smithsons' failure to comply with the notice requirements of the Act. The Smithsons argue that the trial court erred by granting summary judgment because the purposes of the notice requirements under the Act were fulfilled. In other words, Howard Regional, a governmental entity, was provided with the opportunity to investigate an incident for the purposes of making liability determinations and preparing a defense. The Smithsons also claim that Howard Regional is estopped from arguing that it is a governmental entity because of its failure to identify itself as a county hospital. However, assuming that Howard Regional is a county hospital, the Smithsons argue that they have substantially complied with the notice requirements of the Act.

In *Brown v. Alexander,* 876 N.E.2d 376, 382 (Ind.Ct.App.2007), summary judgment was granted in favor of the governmental entity because the plaintiff made no efforts to comply with the Act or supply the governmental entity with medical reports or other necessary information to address the personal injury portion of the plaintiff's claims until almost two years after the accident. We noted that knowledge of the claimant's injury and the opportunity to investigate, both of which were present in *Brown,* are insufficient to satisfy the requirement of notice, which was not given. *Id.* at 384.

In *Rudnick v. Northern Indiana Commuter Transportation District,* 892 N.E.2d 204, 205 (Ind.Ct.App.2008), summary judgment was granted in favor of the governmental entity in an action initiated by an employee of a state commuter transportation district after he slipped and fell on ice at work, suffering injuries. In that case, we held that although the governmental entity knew many of the facts relating to the claim including a description of the incident, the time and place of injury, the

names of persons involved, the employee's address, the medical expenses, and time away from work, the employee did not substantially comply with the notice requirements because the governmental entity was not made aware of the employee's intent to sue. *Id.* at 207–08.

Here, Howard Regional knew that Saundra had fallen in the parking lot, that she had sustained personal injuries from that fall, and the nature and extent of those injuries. Additionally, Howard Regional admitted and treated Saundra for those injuries, and was aware of the Smithsons' phone number and address. Clyde told Daily that he used to work at a VA hospital, that he knew how things worked, and that Howard Regional was responsible. *Appellants' App.* at 74. Further, a Howard Regional social worker prepared a report in which she noted that Clyde "states that he expects [Howard Regional] to cover the bills associated with [Saundra's] care [secondary] to [her] fall in the parking lot. [Howard Regional] has not agreed to accept financial responsibility." *Id.* at 133. On January 3, 2006, within 180 days of Saundra's fall, the Smithsons' attorney sent a letter of representation to Howard Regional seeking copies of Saundra's medical records arising from her fall. *Id.* at 159. On the same date, the attorney sent a letter to Howard Regional's insurance carrier in which the attorney stated that he had been employed by Saundra to:

> represent her in a claim for damages against your insured, Howard Regional Health System, arising out of a fall in the parking lot of Howard Community Hospital in Kokomo, Indiana, on December 12, 2005. Please acknowledge receipt of this notice and please provide your claim number for future reference. If your investigation of this matter is not complete, we will be happy to cooperate with you in its completion. When our investigation is complete and Mrs. Smithson's injuries have reached a

quiescent level, we will contact you regarding settlement of this matter.

*Id.* at 164. Consequently, assuming that Howard Regional is a governmental entity, the notice requirements of the Act have been substantially complied with in the present case. Furthermore, notice to Howard Regional was sufficient notice to the government. The trial court therefore erred by granting summary judgment in favor of Howard Regional on the issue of compliance with the notice provisions of the Act.

The trial judge's entry on December 10, 2008, clarified his decision by explaining that the Smithsons' motion for partial summary judgment was denied, and that Howard Regional's motion for summary judgment was granted as to the issue of compliance with the notice provisions of the Act only. *Id.* at 183. The trial judge further explained that he was not ruling on any other issues because the notice issue was dispositive. *Id.* The Smithsons' first argument in their motion was substantial compliance with the notice provisions of the Act. *Id.* at 196. Because we have found that the Smithsons' have substantially complied with the notice provisions of the Act, we remand this matter to the trial court for a determination of the remainder of the issues raised by the parties in their respective motions for summary judgment. We reverse the trial court's entry of summary judgment in favor of Howard Regional on the issue of compliance with the notice provisions of the Act and remand for further proceedings consistent with this opinion.

Reversed and remanded for further proceedings.

RILEY, J., and MATHIAS, J., concur.