## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



ATTORNEYS FOR APPELLANT

Matthew J. McGovern
Anderson, Indiana

Daniel J. Tuley
Tuley Law Office
Evansville, Indiana

ATTORNEY FOR APPELLEE

Liberty L. Roberts
Church Church Hittle & Antrim
Fishers, Indiana

IN THE

# COURT OF APPEALS OF INDIANA

Susan F. McCall,

*Appellant-Plaintiff,*

v.

City of Washington,

*Appellee-Defendant.*

January 28, 2016

Court of Appeals Case No.
82A01-1507-CT-765

Appeal from the Vanderburgh Circuit Court.
The Honorable David D. Kiely, Judge.
Cause No. 82C01-1411-CT-5309

**Friedlander, Senior Judge**

[1] Susan McCall appeals the trial court's grant of the City of Washington's motion for summary judgment. Concluding that summary judgment was proper, we affirm.

[2] Susan presents two issues, which we consolidate and restate as: whether the trial court erred by granting summary judgment for the City of Washington.

[3] On January 15, 2013, Susan was attending an event being held at Our Lady of Hope Catholic Church in Washington, Indiana. On her way to the church, Susan tripped and fell on the sidewalk adjacent to the church's property. As a result of her fall, Susan suffered injuries that required hospitalization. On January 16, 2013, Scott McCall, a relative of Susan's, spoke with a representative of the church who informed him that the church was not responsible for the upkeep of the sidewalks and that it is the city's responsibility to repair and maintain the sidewalks. Scott then went to the Mayor's office where he explained that Susan had fallen on a broken sidewalk adjacent to the church the previous day, had been injured, and was hospitalized. Scott was informed by the Mayor that the church, not the city, was responsible for the upkeep of the sidewalks where Susan fell. The Mayor told Scott that it was the church's responsibility to pay any settlement as a result of Susan's fall, and Scott was provided with a copy of the city ordinance concerning sidewalk repair. Scott then returned to the church where he was informed that the Mayor had contacted them. A representative of the church also told Scott that the church would pay Susan's medical bills. Subsequently, Susan filed suit against the Catholic Diocese of Evansville, the church Bishop, and the City of Washington. The City filed a motion to dismiss, and Susan filed a response. Following a hearing on the matter, the trial court granted the City's motion to dismiss, and this appeal ensued.

[4]     The City filed a motion to dismiss Susan's claim pursuant to Indiana Trial Rule 12(B)(6) based upon its contention that she had failed to comply with the notice provision of the Indiana Tort Claim Act (ITCA). In her response, Susan relied on Scott's affidavit as well as other materials, thus converting the City's motion to one of summary judgment. *See* Ind. Trial Rule 12(B). Accordingly, on appeal we will treat the trial court's dismissal of Susan's complaint as a summary judgment for the City. *See Carmeuse Lime & Stone v. Illini State Trucking, Inc.*, 986 N.E.2d 271 (Ind. Ct. App. 2013) (treating motion to dismiss as motion for summary judgment where trial court considered evidence outside pleading in deciding motion to dismiss).

[5]     On appeal from a grant or denial of summary judgment, our standard of review is identical to that of the trial court: whether there exists a genuine issue of material fact and whether the moving party is entitled to judgment as a matter of law. *Winchell v. Guy*, 857 N.E.2d 1024 (Ind. Ct. App. 2006); *see also* Ind. Trial Rule 56(C). Appellate review of a summary judgment motion is limited to those materials designated to the trial court. *Pond v. McNellis*, 845 N.E.2d 1043 (Ind. Ct. App. 2006), *trans. denied*. All facts and reasonable inferences drawn therefrom are construed in favor of the non-movant. *Id.* Further, we carefully review a grant of summary judgment to ensure that a party was not improperly denied its day in court. *Id.* The party appealing the judgment carries the burden of persuading the appellate court that the trial court's decision was erroneous. *Bradshaw v. Chandler*, 916 N.E.2d 163 (Ind. 2009).

[6] Compliance with the ITCA is a question of law properly left to the court. *Brown v. Alexander*, 876 N.E.2d 376 (Ind. Ct. App. 2007), *trans. denied*. A judgment based on non-compliance with the ITCA is subject to review as a negative judgment, and we will reverse the trial court's determination only if it is contrary to law. *Id.*

[7] The ITCA provides that a claim against a political subdivision is barred unless notice of the claim is filed within 180 days after the loss occurs. Ind. Code § 34-13-3-8 (1998). The notice required by the ITCA consists of a short and plain statement of the facts on which the claim is based, including "the circumstances which brought about the loss, the extent of the loss, the time and place the loss occurred, the names of all persons involved if known, the amount of the damages sought, and the residence of the person making the claim at the time of the loss and at the time of filing the notice." Ind. Code § 34-13-3-10 (1998). Further, the notice of claim is required to be in writing and delivered in person or by registered or certified mail. Ind. Code § 34-13-3-12 (1998). Not all failures to comply with the requirements of these statutes, however, have proven fatal to a claim; in certain cases non-compliance has been excused based on theories of substantial compliance, waiver, and estoppel. *City of Tipton v. Baxter*, 593 N.E.2d 1280 (Ind. Ct. App. 1992).

[8] Susan concedes that she did not file a written notice of her claim as required by Indiana Code section 34-13-3-12 but contends that she substantially complied with the notice requirements of the ITCA such that the trial court's grant of summary judgment for the City is in error. The City responds that Susan did

not substantially comply with the ITCA because she did not affirmatively state her intent to pursue a claim against it.

[9] The purpose of the notice requirement is to inform the governmental entity with reasonable certainty of the incident and surrounding circumstances so that it may investigate, determine its possible liability, and prepare a defense to the claim. *Fowler v. Brewer*, 773 N.E.2d 858 (Ind. Ct. App. 2002), *trans. denied*. In order to constitute substantial compliance, the notice must not only inform the governmental entity of the facts and circumstances of the alleged injury but must also advise of the intent of the injured party to assert a tort claim. *Id.* The question of substantial compliance with the dictates of the ITCA, although fact sensitive, is a question of law for the court. *Ammerman v. State*, 627 N.E.2d 836 (Ind. Ct. App. 1994).

[10] Here, the designated evidence shows that the day after Susan's fall, Scott informed the Mayor of the incident, Susan's injuries, and her hospitalization. As Susan concedes, she did not file a written notice of her claim against the City; instead, she relies on Scott's conversation with the Mayor to serve as her notice under the ITCA. Although Scott verbally informed the City in a timely fashion of the circumstances of Susan's fall, there is no evidence that the City was given any notice, written or otherwise, of Susan's intent to take legal action. This is not sufficient to fulfill the notice requirement of the ITCA. *See Rudnick v. N. Ind. Commuter Transp. Dist.*, 892 N.E.2d 204 (Ind. Ct. App. 2008) (holding that although governmental entity knew description of incident, time and place of injury, names of persons involved, and claimant's address, medical

expenses and time away from work, claimant did not substantially comply with notice requirements of ITCA because governmental entity was not made aware of claimant's intent to sue), *trans. denied*; *Brown*, 876 N.E.2d 376 (summary judgment for governmental entity affirmed because, although governmental entity had knowledge of claimant's injury, an opportunity to investigate, and was at fault for accident, claimant failed to give notice of her claim); *Orndorff v. New Albany Hous. Auth.*, 843 N.E.2d 592 (Ind. Ct. App. 2006) (holding no substantial compliance with ITCA where governmental entity knew of incident, helped police locate witnesses, and discussed possibility of lawsuit in days following incident but received no notice of claimant's intent to pursue legal action within 180 days of incident), *trans. denied*; and *McConnell v. Porter Mem'l Hosp.*, 698 N.E.2d 865 (Ind. Ct. App. 1998) (affirming summary judgment for hospital where hospital had incident report containing date and time of incident, description of incident, witnesses, and name of injured party, but it was not advised of injured party's intent to assert tort claim), *trans. denied*.

[11] In the alternative, Susan argues that the City was estopped from asserting her non-compliance with the notice provisions of the ITCA because the Mayor concealed the City's liability. The theory of estoppel focuses on representations made by the governmental entity or its agents to the claimant, which induce the claimant reasonably to believe that formal notice is unnecessary. *Brown*, 876 N.E.2d 376. This Court has summarized the requirements for applying the estoppel doctrine in the context of the ITCA:

> [W]hen responsible agents or officials of a city have actual knowledge of the occurrence which causes injury and they pursue an investigation which reveals substantially the same information that the required notice would provide, and they thereafter follow a course of action which would reasonably lead a claimant to conclude that a formal notice would be unnecessary, . . . [and] [i]f the claimant, as a result of such municipal conduct, in good faith fails to act, or acts thereon to his disadvantage, then an estoppel against the requirement of the notice may be said to arise.

*Coghill v. Badger*, 418 N.E.2d 1201, 1209 (Ind. Ct. App. 1981). In summary, a mere investigation by agents or officials of a governmental entity, by itself, will not necessarily produce an estoppel; rather, the estoppel occurs when there is an investigation followed by action in relation to the claimant that would lead a reasonable person to conclude that further notice is unnecessary. *Id.*

[12] Applying these principles to the designated evidence, we conclude the City was informed of the time, place, cause, and nature of the accident, as well as the general nature of Susan's injuries. The designated evidence does not demonstrate, however, that the City investigated the facts at all, much less to determine its liability or to prepare a defense, which is the purpose of the notice requirement. *See Fowler*, 773 N.E.2d 858 (stating that purpose of notice requirement is to inform governmental entity of incident so it may investigate, determine liability, and prepare defense). Additionally, the designated evidence does not establish that after an investigation, the City took action that would reasonably lead Susan to conclude that formal notice was unnecessary. At most, the designated evidence shows that Scott informed the Mayor of the circumstances of Susan's fall, the Mayor indicated that repair and maintenance

of the sidewalk upon which Susan fell is the responsibility of the church, he provided Scott with a copy of a city ordinance stating as much, and he stated his belief that the City was not liable. Thus, without evidence to show that the purposes underlying the notice requirements have been satisfied (i.e., investigation of all the facts to determine liability and prepare a defense) and that the City followed a course of action which would reasonably lead Susan to conclude that formal notice is unnecessary, the estoppel doctrine is not applicable. *See Delaware Cnty. v. Powell*, 272 Ind. 82, 393 N.E.2d 190 (1979) (stating that when acts and conduct of defendant or his agents have established that purposes of notice statute have been satisfied, these acts and conduct could create estoppel); *see also Coghill*, 418 N.E.2d 1201 (stating that investigation followed by course of action which would reasonably lead claimant to conclude that formal notice is unnecessary may create estoppel).

[13] Susan did not substantially comply with the notice provisions of the ITCA, and the evidence did not show that the theory of estoppel was applicable in this case. Summary judgment for the City was appropriate.

[14] Judgment affirmed.

[15] Bailey, J., and Crone, J., concur.