**Victor ORNDORFF and, Wilma Orndorff, Appellants–Plaintiffs,**

v.

**NEW ALBANY HOUSING AUTHORITY, Appellee–Defendant.**

No. 22A01–0508–CV–358.

Court of Appeals of Indiana.

March 14, 2006.

Diane E. Bluhm, Bubalo & Hiestand, PLC, Louisville, KY, for Appellants.

Stacey K. Harris, Joseph H. Langerak, Rudolph Fine Porter & Johnson, LLP, Evansville, for Appellee.

## OPINION

RILEY, Judge.

### STATEMENT OF THE CASE

Appellants–Plaintiffs, Victor (Victor) and Wilma Orndorff (collectively, the Orndorffs) appeal the trial court's grant of Appellee–Defendant's, New Albany Housing Authority (NAHA), Motion to Dismiss[1].

We affirm.[2]

### ISSUES

The Orndorffs raise two issues on appeal, which we restate as:

(1) Whether the NAHA is a political subdivision as statutorily defined by the Indiana Torts Claims Act (ITCA); and

(2) Whether the Orndorffs substantially complied with the notice provisions of ITCA.

### FACTS AND PROCEDURAL HISTORY

The Orndorffs are residents of the NAHA, located in Floyd County, Indiana. On the evening of August 10, 2001, Victor was shot by a non-resident while on NAHA's property, resulting in serious head injuries. That same evening, employees of NAHA were present during the police investigation of the shooting, assisting the police by introducing them to potential witnesses. However, despite its presence, the NAHA did not conduct its own independent investigation.

On August 8, 2003, the Orndorffs filed a Complaint against the NAHA, requesting compensatory and punitive damages. On September 26, 2003, the NAHA filed its Motion to Dismiss the complaint asserting the Orndorffs failed to comply with the notice requirements of the ITCA. On September 30, 2003, the Orndorffs filed an objection to NAHA's Motion to Dismiss and requested an abeyance of the motion pending discovery. On May 19, 2004, the trial court held a hearing on NAHA's motion during which it was determined to bifurcate the issues raised by NAHA into two separate questions: (1) whether the NAHA is entitled to notice under the ITCA, and (2) if so, whether the notice provision was satisfied. On July 28, 2004,

---

1. We hereby decline Appellants' request for oral argument.

2. We grant Appellee's Motion to Strike, filed on December 29, 2005, and strike pages 320–354 of Appellant's Appendix.

the trial court entered its finding determining the NAHA to be a political subdivision for the purpose of ITCA. Thereafter on July 25, 2005, following a hearing, the trial court granted NAHA's Motion to Dismiss.

The Orndorffs now appeal. Additional facts will be provided as necessary.

## DISCUSSION AND DECISION

### I. A Political Subdivision

First, the Orndorffs contend that the NAHA is not a political subdivision as defined by the ITCA and is therefore not subject to ITCA's notice requirements. Thus, in the instant case, we are called upon to interpret Indiana's statute concerning Tort Claims Against Governmental Entities and Public Employees, as enacted in Indiana Code chapter 34–13–3. A question of statutory interpretation is a matter of law to be determined *de novo* by this court. *Pendleton v. Aguilar*, 827 N.E.2d 614, 619 (Ind.Ct.App.2005). We are not bound by a trial court's legal interpretation of a statute and need not give it deference. *Id.* We independently determine the statute's meaning and apply it to the facts before us. *Id.*

During our review, the express language of the statute and the rules of statutory construction apply. *Id.* We will examine the statute as a whole and avoid excessive reliance on a strict literal meaning or the selective reading of words. *Id.* The legislature is presumed to have intended the language used in the statute to be applied logically and not to bring about an unjust result. *Id.* When the legislature enacts a statute, we presume it is aware of existing statutes in the same area. *Town of Merrillville v. Merrillville Conservancy Dist. By and Through Bd. Of Directors*, 649 N.E.2d 645, 649 (Ind.Ct.App.1995), *reh'g denied, trans. denied*. Further, we are compelled to ascertain and execute legislative intent in such a manner as to prevent absurdity and difficulty and to favor public conscience. *Pendleton*, 827 N.E.2d at 619. In so doing, we keep in mind the object and purpose of the law as well as the effect and repercussions of such a construction. *Id.* at 619–20.

In support of their argument, the Orndorffs rely on specific provisions of the ITCA in an attempt to persuade us that housing authorities, such as the NAHA, do not meet the definition of a political subdivision, as stipulated in Ind.Code § 34–6–2–110. Building upon the literal wording of this provision, the Orndorffs assert that housing authorities are not included within the thirteen specific entities defined as political subdivisions and therefore, the NAHA, as a local housing authority, is not subject to the 180 day notice requirement of the ITCA.

Turning to the applicable provisions of the ITCA, we first point out that as a prerequisite to filing a suit against a governmental entity, detailed notice must be given:

Claims against political subdivisions; notice requirement:

Except as provided in section 9 of this chapter, a claim against a *political subdivision* is barred unless notice is filed with: (1) the governing body of that political subdivision; and (2) the Indiana political subdivision risk management commission created under I.C. [§ ] 27–1–29; within one hundred eighty (180) days after the loss occurs ...

I.C. § 34–13–3–8. Within Title 34, our legislature included two separate sections delineating "political subdivision." First, I.C. § 34–13–3–22 states that persons or entities considered political subdivisions are:

(1) a community action agency (as defined in [I.C. § ] 12–14–23–2).

(2) an individual or corporation rendering public transportation services under a contract with a commuter transportation district created under [I.C. § ] 8–5–15.

(3) a volunteer fire department (as defined in [I.C. § ] 36–8–12–2) that is acting under:

(A) a contract with a unit or a fire protection district; or

(B) [I.C. § ] 36–8–17.

Second, the more elaborate definition for a political subdivision can be found in I.C. § 34–6–2–110, which provides:

Political subdivision for purposes of [I.C. § ] 34–13–3, means a:

(1) county;

(2) township;

(3) city;

(4) town;

(5) separate municipal corporation;

(6) special taxing district;

(7) state college or university;

(8) city or county hospital;

(9) school corporation;

(10) board or commission of one (1) of the entities listed in subdivisions (1) through (9);

(11) drug enforcement task force operated jointly by political subdivisions;

(12) community correctional service program organized under [I.C. § ] 12–12–1; or

(13) solid waste management district established under [I.C. § ] 13–21 or [I.C. § ] 13–9.5–2 (before its repeal).

Even though we agree with the Orndorffs that, at first glance, none of these provisions explicitly apply the ITCA to local housing authorities, we nevertheless have to be mindful that a "statute should not be viewed as if the reader is peering at it through a keyhole." *Jones v. State,* 569 N.E.2d 975, 978 (Ind.Ct.App.1991). Rather, it must be read with its companions. *Id.* Accordingly, we have held that statutes relating to the same general subject matter are in *pari materia* and should be construed together so as to produce an harmonious statutory scheme. *Appolon v. Faught,* 796 N.E.2d 297, 300 (Ind.Ct.App. 2003). As we are concerned about Tort Claims Against Governmental Entities and Public Employees, we also need to consider Title 36, on Local Government. In this regard, Indiana Code section 36–1–2–10 defines municipal corporations as:

unit, school corporation, library district, *local housing authority,* fire protection district, public transportation corporation, local building authority, local hospital authority or corporation, local airport authority, special service district, or other separate local governmental entity that may sue and be sued. The term does not include special taxing district.

Furthermore, the record establishes that on March 25, 1937, the Common Council of the City of New Albany resolved to create and enacted a Housing Authority for the City of New Albany, pursuant to the General Assembly's Act entitled "An Act Creating Public Bodies Corporate and Politic to be known as 'Housing Authority.'" (Appellant's App. p. 300). Therefore, the NAHA comports with the definition of a municipal corporation because it is a public instrumentality created by state law, and has the right to sue and be sued.

Based on the same general subject matter of Title 34 and Title 36, we first find the NAHA to be a municipal corporation pursuant to I.C. § 36–1–2–10 and second, as a result, we conclude that it must be considered a political subdivision for purposes of I.C. § 34–13–3. Accordingly, we

agree with the trial court that the NAHA is subject to the notice requirements of ITCA.

## II.  *Substantial Compliance*

■ Next, the Orndorffs contend that the trial court erred by deciding that they had not substantially complied with the ITCA's notice requirements. Specifically, the Orndorffs allege that because the NAHA was immediately aware of the shooting incident resulting in Victor's injury, investigated the incident and expressed concern over possible litigation, they substantially complied with the notice provision.

As we noted before, the ITCA governs lawsuits against the State and its subdivisions and requires a plaintiff to provide early notice of his intention to sue. *Fowler v. Brewer*, 773 N.E.2d 858, 861 (Ind.Ct. App.2002), *trans. denied.* I.C. § 34–13–3–10 sets forth the content requirements of the notice that a plaintiff must provide and states, in pertinent part, that:

> The notice required by sections 6, 8, and 9 of this chapter must describe in a short and plain statement the facts on which the claim is based. The statement must include the circumstances which brought about the loss, the extent of the loss, the time and place the loss occurred, the names of all persons involved, if known, the amount of the damages sought, and the residence of the person making the claim at the time of the loss and at the time of filing of the notice.

■ However, in recent years, we have been called upon to review whether the notice provided to a political subdivision as required by the Act was sufficient under the particular circumstances. Those cases have developed a common theme: notice can be sufficient if it substantially complies with the content requirements of the statute. *See Howard County Bd. of Com'rs v. Lukowiak*, 810 N.E.2d 379, 382 (Ind.Ct.App.2004), *clarified on reh'g*, 813 N.E.2d 391 (Ind.Ct.App. 2004). "What constitutes substantial compliance, while not a question of fact, but one of law, is a fact-sensitive determination." *Id.* In determining whether substantial compliance is established, we note the purpose of the notice requirements as follows:

> To inform state officials with reasonable certainty of the accident or incident and surrounding circumstances and to advise of the injured party's intent to assert a tort claim so that the state may investigate, determine its possible liability, and prepare a defense against the claim.

*Chandradat v. State, Indiana Dept. of Transp.*, 830 N.E.2d 904, 912 (Ind.Ct.App. 2005), *trans. denied.*

Here, the record reflects that on the evening of the shooting, employees of the NAHA were present on the premises, helping police in locating witnesses. However, as the evidence clearly supports, even though the NAHA employees aided in the investigation, they did not conduct their own formal inquiry into the shooting. In the following days, employees at NAHA voiced a concern that a lawsuit might be forthcoming; they discussed the incident in meetings and remedial measures were taken. Nevertheless, the NAHA did not receive any notice from the Orndorffs within the 180 day period following the incident, let alone a written notice purportedly complying with the provisions of the ITCA. Instead, the Orndorffs now rely on the NAHA's own knowledge and presence at the night of the shooting, to claim that they substantively complied with the ITCA's notice requirements. We disagree. As we held previously in *Fowler*, 773 N.E.2d at 865, actual knowledge of the occurrence on the part of the political subdivision or an employee of the political

subdivision does not satisfy the notice requirement of the ITCA. Since the Orndorffs do not present us with any compelling argument or evidence to deviate from our established case law in *Fowler,* we find that the trial court properly decided that the Orndorffs had not substantially complied with ITCA's notice requirements.

### CONCLUSION

Based on the foregoing, we conclude that the trial court properly granted NAHA's Motion to Dismiss.

Affirmed.

SHARPNACK, J., and BARNES, J., concur.